939 So.2d 755 (2005)
The MISSISSIPPI BAR
v.
Rodney E. REXRODE.
No. 2005-BD-00872-SCT.
Supreme Court of Mississippi.
October 26, 2005.

*756 ORDER OF DISBARMENT

JESS H. DICKINSON, Justice, for the Court.
¶ 1. This matter came before this Court sitting en banc on the Mississippi Bar's Formal Complaint against Rodney E. Rexrode, an attorney resident of the Commonwealth of Pennsylvania, admitted to practice in Mississippi, and subject to the disciplinary jurisdiction of this Court. Disbarment proceedings which Rexrode did not contest were previously instituted against him in Pennsylvania, and the Supreme Court of Pennsylvania disbarred him on April 19, 1999, retroactive to April 20, 1998, Office of Disciplinary Counsel v. Rexrode, 556 Pa. 587, 730 A.2d 469 (1999). See also Office of Disciplinary Counsel v. Rexrode, 556 Pa. 587, 707 A.2d 1142 (1998).
¶ 2. The Mississippi Bar filed its Formal Complaint against Rexrode pursuant to Rule 13 of the Mississippi Rules of Discipline, seeking disbarment of Rexrode in Mississippi. The Mississippi Bar further requests this Court to require Rexrode, within fourteen days of disbarment, to notify all of his Mississippi clients of his disbarment and inability to continue as their attorney, and that they should seek alternate legal counsel. Finally, the Bar seeks recovery of its costs and expenses.
¶ 3. Rexrode was served with process through the Executive Director of the Mississippi Bar in accordance with Rule 16 of the Rules of Discipline, and in addition he was personally served, by mail, with notice, summons, and formal complaint on May 16, 2005; thus, this Court has personal jurisdiction over Rexrode in this matter. Rexrode does not contest these proceedings.
¶ 4. The misconduct leading to the Mississippi Bar's Formal Complaint was essentially the same conduct that resulted in his Pennsylvania disbarment. He engaged in business transactions with clients without informing them of the risks involved or advising them to seek independent counsel. Thus, he advanced his personal financial interests to the detriment of his clients. Furthermore, he failed to fulfill his contractual obligations to the clients. The Disciplinary Board of the Supreme Court of Pennsylvania found that Rexrode had violated Rules 1.8(a), 8.4(b), and 8.4(c) of the Rules of Professional Conduct in his representation of one client and Rules 1.3, 1.4(b), and 1.8(a) of the Rules of Professional Conduct in his representation of another client. The Disciplinary Board also found that his violations were aggravated by his failure to pay restitution to his clients, his failure to comply with his contractual obligations to his clients, and his failure to reimburse the Lawyers Fund for Client Security after it awarded compensation to one of his clients.
¶ 5. The first client injured by Rexrode's misconduct was the Meridian Corporation for whom Rexrode was corporate counsel. After receiving a payroll advance in the amount of $50,000 to finance his automobile racing business, Rexrode wrote three checks to Meridian as reimbursement, each of which bounced for insufficient funds. Meridian was reimbursed the $50,000 payroll advance only after filing a claim with the Pennsylvania Lawyers *757 Fund for Client Security. Rexrode failed to reimburse the Lawyers Fund.
¶ 6. The second client injured as a result of Rexrode's misconduct was Gerald Stern, who retained Rexrode to handle legal matters concerning his dry cleaning business and to advise him concerning his divorce settlement. After Stern requested that Rexrode inform him of business opportunities, Rexrode informed Stern of one of his clients who was seeking to sell his limousine business. Stern and Rexrode agreed to purchase the business together and that Stern would provide the purchase money and manage the daily operations of the business while Rexrode would provide all legal services, including obtaining the transfer of the Public Utility Commission license. Rexrode was also to pay Stern's living expenses for a few months until the business became profitable. Stern tendered the purchase price and signed a contract for purchase of the business assets. However, Rexrode did not proceed to obtain transfer of the PUC license, forcing Stern to close the limousine business. The Disciplinary Board was unsure what happened to the initial investment which Stern never recovered.
¶ 7. Under Rule 13 of the Mississippi Rules of Discipline, the sanction from the other jurisdiction is itself conclusive evidence of the guilt of the offense or unprofessional conduct. It is not necessary to prove the grounds for the discipline again in this state.
The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
Miss. Rule of Discipline 13. After careful consideration of the facts before us, we find that the extreme sanction of disbarment is appropriate. We further find that the other relief requested by the Mississippi Bar is both reasonable and appropriate.
¶ 8. IT IS THEREFORE ORDERED that effective upon entry of this order Rodney E. Rexrode is hereby disbarred from the practice of law in the State of Mississippi.
¶ 9. IT IS FURTHER ORDERED that Rexrode shall bear all costs and expenses of these proceedings and shall pay to the Mississippi Bar its actual and reasonable expenses as provided for under Rule 27 of the Rules of Discipline.
¶ 10. IT IS FURTHER ORDERED that immediately following entry of this order, Rexrode shall take action to protect the interest of his clients as provided under Rule 11 of the Rules of Discipline, including but not limited to (1) giving to all clients notice of his disbarment and his consequent inability to act as an attorney as of the effective date of this order; (2) notifying each client involved in pending litigation or administrative proceedings and the attorney or attorneys for each adverse party in such proceedings, of his disbarment and consequent inability to act as an attorney after the effective date of this order; (3) advising each client promptly to substitute another attorney or attorneys in his place or to seek legal advice elsewhere; and (4) notifying all affected courts and agencies of his disbarment and consequent inability to act as an attorney after the effective date of this order.
¶ 11. IT IS FURTHER ORDERED that the Clerk of this Court shall mail certified copies of this order to the clerks of the Supreme Court of the United States, the United States Courts of Appeals for the Fifth Circuit, the United States District Courts for the Northern and Southern Districts of Mississippi, and Mississippi courts wherein Rexrode is known to practice.
*758 ¶ 12. IT IS FURTHER ORDERED that the Clerk of this Court shall send, via certified mail, a certified copy of this order to Rodney E. Rexrode whose last known address is 104 East Springettessbury Avenue, York, Pennsylvania 17403.
¶ 13. SO ORDERED, this the 26th day of October, 2005.
DIAZ, J., NOT PARTICIPATING.