CARLSON, Justice, for the Court.
¶ 1. This matter involves reciprocal discipline. Wanda X. Abioto, a Mississippi attorney, was publicly censured by the Supreme Court of Tennessee for failing to keep adequate trust account records, misplacing client property, and being held in contempt of court for failing to return two videos to her client. Thereafter, the Mississippi Bar filed a formal complaint seeking sanctions against Abioto pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar (MRD). Upon consideration, we find that Abioto should receive a public reprimand for her unethical conduct in Tennessee.
FACTS AND PROCEEDINGS
¶ 2. The facts of this case are not disputed. On August 3, 2005, Abioto was served with a Petition for Discipline by the Board of Professional Responsibility of the Supreme Court of Tennessee. Thereafter, on September 24, 2006, Abioto entered into a Conditional Guilty Plea in two consolidated causes, wherein Abioto admitted her guilt in “failing to keep adequate trust account records, misplacing client property, and being held in contempt of court for failing to return two (2) videos to [her] client, thereby violating the following: DR 1-102(A)(1), (6) and DR 9-102(A), (B) of the Code of Professional Responsibility and Rules 1.15 and 8.4(a)(d) of the Tennessee Rules of Professional Conduct.” The Conditional Guilty Plea also set out the terms of Abioto’s discipline. Particularly, the Conditional Guilty Plea stated that, if approved, Abioto would be publicly censured and would be required to reimburse the Board of Professional Responsibility the sum of $623.52, representing the expenses incurred by the Board in prosecuting this action. The Supreme Court of Tennessee accepted Abioto’s Conditional Guilty Plea and publicly censured Abioto by an Order of Enforcement executed by Justice Janice M. Holder, for the Court, which Order was entered on May 16, 2007.
¶ 3. Abioto’s public censure in Tennessee constitutes a ground for the imposition of discipline by the Supreme Court of Mississippi pursuant to MRD 13. On July 20, 2007, the Mississippi Bar initiated the present action by filing a Formal Complaint against Abioto seeking reciprocal discipline pursuant to MRD 13. Process was issued by the Clerk of this Court on July 20, 2007, and the return on the summons reveals that Abioto personally was served with process and copies of the Formal Complaint and attachments by a process server on August 1, 2007. Abioto has filed no response to the Mississippi Bar’s Formal Complaint.
DISCUSSION
¶4. In bar disciplinary matters, this Court has exclusive and inherent jurisdiction. Miss. Bar v. Hodges, 949 So.2d *915 683, 685 (Miss.2006); Miss. Bar v. Inserra, 855 So.2d 447, 450 (Miss.2003); MRD 1(a). “We review matters of attorney discipline de novo, including those arising out of reciprocal discipline.” Hodges, 949 So.2d at 685 (citing Inserra, 855 So.2d at 450). Since this Court conducts a de novo review, we are free' to impose any form of discipline which we feel will “best serve the interests of the Bar and public.” Hodges, 949 So.2d at 685.
¶ 5. While “[t]he burden is usually on the Mississippi Bar to show by clear and convincing evidence that an attorney’s actions constitute professional misconduct,” such is not the case when the Mississippi Bar files a complaint pursuant to MRD 13. Miss. Bar v. Pels, 708 So.2d 1372, 1374 (Miss.1998); Miss. Bar v. Alexander, 669 ’ So.2d 40, 41 (Miss.1996); Goodsell v. Miss. Bar, 667 So.2d 7, 9 (Miss.1996). Rule 13 states, in toto:
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
MRD13. Therefore, no further fact-finding is required by us as to the guilt of the offense for which Abioto finds herself before us today. As a result, the sole issue before this Court is the extent of the final discipline to be imposed upon Abioto, which may be more or less severe than the sanction imposed by Tennessee: The Mississippi Bar has expressed no view as to the discipline to be imposed upon Abioto.
¶ 6. That being said, inherent within the language of MRD13 is that this Court is not bound by the findings of the foreign- jurisdiction in determining an appropriate sanction. Pels, 708 So.2d at 1374. In fact, we have a set out nine criteria in assessing punishment, which include the following:
(1) the nature of the conduct involved;
(2) the need to deter similar conduct;.
(3) the preservation of the dignity and reputation of the profession;
(4) the protection of the public;
(5) the sanctions imposed in similar cases;
(6) the duty violated;
(7) the lawyer’s mental state;
(8) the actual or potential injury caused by the lawyer’s misconduct; and
(9) the existence of aggravating or mitigating circumstances.
James v. Miss. Bar, 962 So.2d 528, 535 (Miss.2007) (citing Goeldner v. Miss. Bar, 891 So.2d. 130, 135 (Miss.2004)). While this list is extensive, it is not exhaustive. We may consider other factors which may be appropriate, depending on the fact scenario.
¶ 7. We no doubt have looked with extreme disfavor upon a lawyer’s conversion or commingling of clients’ funds. See, e.g., Miss. Bar v. Sweeney, 849 So.2d 884 (Miss.2003); Haimes v. Miss. Bar, 601 So.2d 851 (Miss.1992); Miss. State Bar Ass’n v. Strickland, 492 So.2d 567 (Miss.1986). On the other hand, we have found that the facts and circumstances peculiar to a particular case involving the lawyer’s commingling of a client’s funds warranted im *916 position of sanctions less severe than the sanctions recommended by a complaint tribunal. Catledge v. Miss. Bar, 913 So.2d 179 (Miss.2005). In essence, on a case-by-case basis, we can give more weight or less weight to aggravating or mitigating circumstances in order to decide the appropriate sanction to impose upon a lawyer who is found guilty of misconduct by violating his or her oath of office or the Code of Professional Responsibility. Pels, 708 So.2d at 1375.
¶ 8. Returning to today’s case, considering the violations of failing to keep adequate trust account records and misplacing client property, it is critical that discipline be imposed for the duties violated to deter similar misconduct by members of the Bar in the future, to preserve the dignity and reputation of the legal profession, and to protect the public from such misconduct. With this being said, we note that the Bar does not allege, nor does the record before us reveal, the details of the ethical violations to which Abioto offered a conditional plea of guilty in Tennessee. We also find nothing in the record concerning Abioto’s mental state; the actual or potential injury caused by the lawyer’s misconduct; or the existence of aggravating or mitigating circumstances. Neither does the record reveal whether Abioto heretofore has been sanctioned by a tribunal in this state or a foreign jurisdiction. We also note that, as opposed to charges of conversion or commingling a client’s funds or property, the Tennessee charges before us involve, inter alia, failing to keep adequate trust account records and misplacing client property. Therefore, we conclude from the record before us that there is no reason to stray from the discipline imposed by the Supreme Court of Tennessee. We thus find that the appropriate sanction for Abioto is one of public reprimand.
CONCLUSION
¶ 9. For the reasons stated, we find that Wanda X. Abioto should be publicly reprimanded and assessed with all costs and expenses occasioned by the Mississippi Bar’s filing of the Formal Complaint. MRD 8.6(ii) provides that a lawyer shall be publicly reprimanded by the circuit court of the disciplined attorney’s county of residence. The Bar’s Formal Complaint alleged that Abioto could be served with process at 1661 International Place Drive, Suite 400, Memphis, Tennessee, 38120. The return on the summons in this case reveals that the process server personally served Abioto with process in Shelby County, Tennessee. The Mississippi Bar’s website states Abioto’s address as 2353 Syon, Memphis, Tennessee, 38119. The pleadings before us from the Tennessee tribunal state Abioto’s address as being 908 Millers Bend, Memphis, Tennessee, 38126. On the other hand, a LEXIS search reveals that of the last eleven cases appealed and decided by this Court or the Court of Appeals, in which Abioto has been listed as an attorney of record, eight of those eleven cases originated in the Circuit Court of DeSoto County; one originated in the Chancery Court of DeSoto County; one originated in the Circuit Court of Bolivar County; and one originated in the Circuit Court of Wayne County.
¶ 10. Therefore, we direct that Abioto shall appear on the first day of the next term of the Circuit Court of DeSoto County after which this decision is final, to be publicly reprimanded in open court by the presiding judge. Likewise, the Bar shall recover from Abioto all costs of these proceedings occasioned by the Bar’s filing of the Formal Complaint, upon the Bar’s proper filing of a motion within ten days after this decision is final.
*917 nil. WANDA X. ABIOTO SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE CIRCUIT COURT OF DESOTO COUNTY AFTER THIS DECISION IS FINAL AND ASSESSED WITH ALL COSTS.
SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.