987 So.2d 921 (2008)
The MISSISSIPPI BAR
v.
John Louis DOLAN, Jr.
No. 2007-BD-01522-SCT.
Supreme Court of Mississippi.
February 5, 2008.

*922 ORDER

¶ 1. This matter involves reciprocal discipline. John Louis Dolan, Jr., a Mississippi attorney, was suspended from the practice of law and placed on probation by the Supreme Court of Tennessee. Thereafter, the Mississippi Bar filed a Formal Complaint seeking sanctions against Dolan pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar (MRD).
¶ 2. The facts of this case are not disputed. Dolan was served with a Petition for Discipline by the Board of Professional Responsibility of the Supreme Court of Tennessee in August 2005, and a Supplemental Petition for Discipline in January 2006. Thereafter, Dolan entered into a Conditional Guilty Plea in four consolidated causes, wherein Dolan admitted his guilt in violating Rules 1.1; 1.2; 1.3; 1.4; 1.5; 1.15; 1.16; and 8.4 of the Tennessee Rules of Professional Conduct. In February 2007, the Supreme Court of Tennessee accepted Dolan's Conditional Guilty Plea and ordered a one-year retroactive suspension followed by a one-year probation. Two conditions were placed on Dolan's probation. First, Dolan was required to enter into a monitoring contract with the Tennessee Lawyer's Assistance Program. Second, Dolan was required to obtain a psychiatric evaluation and comply with any medical recommendations made by the psychiatrist, with such compliance to be monitored for the period of the monitoring contract with the Tennessee Lawyer's Assistance Program. The Supreme Court of Tennessee also required Dolan to reimburse the Tennessee Board of Professional Responsibility's expenses incurred in prosecuting the action.
¶ 3. Dolan's suspension in Tennessee constitutes a ground for the imposition of discipline by the Supreme Court of Mississippi pursuant to MRD 13.[1] On September *923 5, 2007, the Mississippi Bar initiated the present action by filing a Formal Complaint against Dolan seeking discipline pursuant to MRD 13. Process was issued by the Clerk of this Court on September 5, 2007, and the return on the summons reveals that Dolan was personally served with process and copies of the Formal Complaint and attachments by a process server on October 4, 2007. Dolan timely filed a response.
¶ 4. The Mississippi Bar recommends the imposition of reciprocal discipline by this Court, including the payment of all costs and expenses associated with this action. Dolan admits guilt to the charge against him, and requests that "he be assessed his reasonable costs." Dolan also requests a hearing in order "to present proof in mitigation."
¶ 5. The Supreme Court of Tennessee's Order of Enforcement constitutes conclusive proof of guilt under MRD 13. The Mississippi Bar has provided such evidence as an attachment to its Formal Complaint. It is therefore unnecessary for this Court to pursue any further fact-finding, and the sole issue before this Court is the extent of the discipline to be imposed upon Dolan for his actions.
¶ 6. In bar disciplinary matters, this Court has exclusive and inherent jurisdiction. Miss. Bar v. Abioto, 987 So.2d 913, 914, 2007 WL 3293346, *1, 2007 Miss. LEXIS 616, *3 (Miss. Nov. 8, 2007); Miss. Bar v. Hodges, 949 So.2d 683, 685 (Miss. 2006); MRD 1(a). We review matters of attorney discipline de novo. Hodges, 949 So.2d at 685; Miss. Bar v. Inserra, 855 So.2d 447, 450 (Miss.2003).
¶ 7. Discipline imposed by this Court is determined on a case-by-case basis. In assessing a sanction in an attorney discipline case, this Court applies the following nine criteria: (1) the nature of the conduct involved; (2) the need to deter similar conduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury caused by the lawyer's misconduct; and (9) the existence of aggravating or mitigating circumstances. Abioto, 987 So.2d at 915, 2007 WL 3293346, *2, 2007 Miss. LEXIS 616 at *5 (citing James v. Miss. Bar, 962 So.2d 528, 535 (Miss.2007)). This Court may also consider other factors where appropriate. Id.
¶ 8. The Mississippi Bar makes no specific recommendation other than for Dolan to be disciplined and required to pay the costs and expenses connected with this action. The Tennessee Supreme Court imposed a one-year suspension and one-year probation of Dolan's license. This Court, however, is not bound by the sanction imposed by Tennessee, but rather may impose discipline more or less severe. Miss. Bar v. Pels, 708 So.2d 1372, 1374 (Miss.1998).
¶ 9. Dolan has admitted to violating the following Tennessee Rules of Professional *924 Conduct: Rules 1.1 Competence; 1.2 Scope of the Representation and the Allocation of Authority Between the Lawyer and Client; 1.3 Diligence; 1.4 Communication; 1.5 Fees; 1.15 Safekeeping Property; 1.16 Declining and Terminating Representation; and 8.4 Misconduct. These Rules are, for all practical purposes, the same as their Mississippi counterparts.
¶ 10. In Mississippi Bar v. Rexrode, 939 So.2d 755, 756 (Miss.2005), this Court disbarred Rodney X. Rexrode pursuant to MRD 13, applying the same discipline as the Supreme Court of Pennsylvania for violation of Rules 1.3, 1.4(b), 1.8(a), 8.4(b), and 8.4(c). Mr. Rexrode violated just some of the rules that Mr. Dolan has violated in the present case.
¶ 11. In Abioto, this Court ordered the public reprimand of Wanda X. Abioto pursuant to MRD 13, applying the same discipline as the Supreme Court of Tennessee for violation of Rules 1.15 and 8.4. Abioto, 987 So.2d 913, 2007 WL 3293346, 2007 Miss. LEXIS 616. In the present case Mr. Dolan has violated these rules and more.
¶ 12. In Shah v. Mississippi Bar, 919 So.2d 59 (Miss.2005), this Court disbarred Azki Shah for violating Mississippi Rules of Professional Conduct 1.2(a), 1.3, 1.4, 1.5(a), 8.1(b), and 8.4(a) and (d). In the present case, Dolan has admitted to violating all these rules except Rule 8.1(b).
¶ 13. In Mississippi Bar v. Hall, 612 So.2d 1075 (Miss.1992), this Court suspended James M. Hall for sixty days for violation of Mississippi Rules of Professional Conduct 1.1, 1.3, 1.4, and 1.16. In the present case, Dolan has admitted to violating all of these rules and more.
¶ 14. After carefully considering the facts before us, we find the sanctions of a one-year suspension, one-year probation and assessment of costs to be appropriate.
¶ 15. IT IS THEREFORE ORDERED that, effective upon entry of this order, John Louis Dolan, Jr., is hereby suspended from the practice of law in the State of Mississippi for one year and placed on probation for one year and assessed with costs and expenses.
¶ 16. IT IS FURTHER ORDERED that, immediately following entry of this order, Dolan shall take action to protect the interests of his clients as provided under Rule 11 of the Mississippi Rules of Discipline, including but not limited to (1) giving all clients notice of his suspension and consequent inability to act as an attorney for the time specified as of the effective date of this order; (2) notifying each client involved in pending litigation or administrative proceedings for the time specified as of the effective date of this order; (3) advising each client promptly to substitute another attorney or attorneys in his place or to seek legal advice elsewhere; and (4) notifying all affected courts and agencies of his suspension and consequent inability to act as an attorney for the time specified as of the effective date of this order.
¶ 17. IT IS FURTHER ORDERED that John Louis Dolan, Jr., may be reinstated to the privilege of practicing law only upon petition to and order of this Court, pursuant to Rule 12 of the Mississippi Rules of Discipline.
¶ 18. IT IS FURTHER ORDERED that the Bar is entitled to recover from John Louis Dolan, Jr., all costs of these proceedings. The Bar shall file its motion for costs and expenses with the Court within ten days of the filing of this Order.
¶ 19. IT IS FURTHER ORDERED that the Clerk of the Court shall mail a certified copy of this order to the Mississippi Bar, and shall mail a certified copy of this order via certified mail, return receipt *925 requested, to John Louis Dolan, Jr., 384 Goodman Road East, Suite 314, Southaven, Mississippi, 38654.
¶ 20. SO ORDERED.
/s/ James W. Smith, Jr.
JAMES W. SMITH, JR.
NOTES
[1] Rule 13 provides as follows:

When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction to the Executive Director of the Bar or to the Court, shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered, and it will not be necessary to prove the grounds for such offense in the disciplinary proceeding in this state. The sole issue to be determined in the disciplinary proceeding in this state shall be the extent of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.