# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-BD-01228-SCT

*THE MISSISSIPPI BAR*

*v.*

*WANDA X. ABIOTO*

| | |
|---|---|
| ATTORNEY FOR APPELLANT: | MELISSA SELMAN SCOTT |
| ATTORNEY FOR APPELLEE: | WANDA ABIOTO (PRO SE) |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | SUSPENDED FROM THE PRACTICE OF LAW FOR ONE YEAR - 06/18/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Wanda Abioto, a Mississippi attorney, was adjudicated guilty of engaging in unprofessional and unethical conduct for which discipline was imposed by the Board of Professional Responsibility of the Supreme Court of the State of Tennessee (Tennessee Board). Subsequently, the Mississippi Bar filed a formal complaint under Rule 13 of the Rules of Discipline for the Mississippi State Bar. The Bar also filed a motion for reimbursement of costs and expenses.

¶2.     Rule 13(b) provides that another jurisdiction's final adjudication of guilt is conclusive. M.R.D. 13(b). Imposition of discipline for the transgression(s) is the responsibility of this Court, which is always mindful of protecting the public from wayward attorneys. The discipline "may be more or less severe than the discipline imposed by the other jurisdiction."

M.R.D. 13(b). The events leading to this proceeding warrant a harsher discipline than the public censure imposed by the Tennessee Board. We find that Abioto's unprofessional and unethical conduct calls for her suspension from the practice of law for one year and her reimbursing the Bar all costs and expenses incurred in these proceedings.

## FACTS AND PROCEDURAL HISTORY

¶3.     We have been provided a limited record, which includes, *inter alia*, a copy of the pubic censure imposed by the Tennessee Board. We know little about Abioto's clients, except that they were a Mississippi family; her clients' claims, except that a food product was involved; the defendants, except that the defendants sold and/or distributed the product in Mississippi; or her clients' damages, except that the claim occurred in Mississippi.

¶4.     Clients are entitled to a minimally competent attorney. When Mississippi citizens select an attorney to represent them, those same citizens should be confident that conduct as charged in this proceeding shall not befall them. By enforcing our rules of discipline, the Court is hopeful that today's decision will serve as a deterrent to such misconduct.

¶5.     Abioto's relationship with Tennessee is minimal. Absent her admission to practice before the United States District Court for the Western District of Tennessee, she would not have been before the Tennessee Board, for she was not a member of the Tennessee Bar.

¶6.     The public censure issued by the Tennessee Board, reveals the following:

> Ms. Abioto is licensed to practice law in Mississippi and is admitted to practice in the United States District Court for the Western District of Tennessee. Ms. Abioto is not otherwise authorized to practice law in Tennessee. Ms. Abioto was retained to represent a Mississippi family in a

2

claim for injuries which occurred in Mississippi against a food manufacturer and distributor which sold the product in Mississippi. Ms. Abioto used business cards and letterhead with addresses in Memphis. Ms. Abioto's business card listed a variety of practice areas but did not contain a disclaimer that she was not licensed to practice in Tennessee.

Ms. Abioto was not diligent in the preparation and filing of a civil complaint for her clients, but eventually filed a complaint with the United States District Court for the Western District of Tennessee, which was not an appropriate venue. Ms. Abioto failed to comply with a court order setting a deadline for service upon the defendants and the civil action was dismissed. Ms. Abioto subsequently re-filed the complaint in the same court and successfully served the defendants. The civil action was quickly dismissed because Ms. Abioto relied upon Mississippi's longer statute of limitations deadlines instead of Tennessee's deadlines which had expired at the time the action was filed. Ms. Abioto thereafter filed the only remaining cause of action in Mississippi state court without the knowledge or consent of her clients and formally withdrew from the representation without serving any of the defendants in the case.

¶7. In her response to the Mississippi Bar's formal complaint, Abioto admitted that she violated the following Mississippi Rules of Professional Conduct:Rule 1.1 (competence), 1.2 (scope of representation), 1.3 (diligence), 1.4 (communication), 3.1 (meritorious claims), 3.4(c) (disobeying obligation under rules of tribunal), 7.1 (communications concerning lawyer's services), and 8.4(a) and (d) (misconduct). Abioto's attempt to offer that she "took all action to remedy the error" is unconvincing. Her response to the Mississippi's Bar formal complaint failed to address which error she remedied, if any, and what action she took to remedy it. She offered no other support. Brazenly, Abioto requests that the sanction imposed by this Court be less than that imposed by the Tennessee Board. She seeks a private reprimand, yet she cites no law and avers no facts in her response in support of her request.

3

¶8.     While this Court generally mirrors the sanction imposed in a sister state, the Court "may impose sanctions less than or greater than those imposed by another jurisdiction." *Miss. Bar v. Thomas*, 291 So. 3d 306, 307-08 (Miss. 2019) (citing *Miss. Bar v. Gardner*, 730 So. 2d 546, 547 (Miss. 1998)). Today's case presents an instance in which circumstances and our precedent compel a greater sanction than that imposed by the Tennessee Board.

¶9.     Nine criteria are considered when determining reciprocal discipline:

> (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.

*Miss. Bar v. Ishee*, 987 So. 2d 909, 911-12 (Miss. 2007) (quoting *Miss. Bar v. Hodges*, 949 So. 2d 683, 686 (Miss. 2006)).

*1.     The Nature of the Misconduct Involved*

¶10.    Abioto, a Mississippi-licensed attorney, filed suit in a federal court in Tennessee, alleging that a Mississippi family suffered damages in Mississippi caused by a company that sold a product in Mississippi. She failed to comply with a Tennessee federal-court order to serve the named defendants, resulting in the suit's being dismissed. After refiling the suit in the same Tennessee federal court, the suit was dismissed the second time, for the action was proscribed by the Tennessee statute of limitations. The Tennessee Board then found that Abioto filed  "the only remaining cause of action in Mississippi state court" without the

knowledge or consent of her clients and then withdrew from the case without serving any of the defendants in the case. Abioto admitted violating no fewer than *eight* Mississippi Rules of Professional Conduct.

### 2. The Need to Deter Similar Misconduct

¶11. Abioto failed to take action to preserve her clients' claim on two occasions. When she finally filed "the only remaining cause of action in Mississippi state court," she did so without informing her clients and then withdrew her representation without serving any defendants. This Court has held that when cases concern client neglect or failure to represent a client, such as today's case, "the need to deter similar misconduct is great." *Carter v. Miss. Bar*, 654 So. 2d 505, 512 (Miss. 1995) (internal quotation marks omitted) (quoting *Hall v. Miss. Bar*, 631 So. 2d 120, 126 (Miss. 1993)).

> "[D]ishonest conduct by an attorney with his own client goes to the very core of a lawyer's fitness to practice law." The failure to follow the Rules involving duties to clients, which Carter has violated, involve the most important ethical standards this profession espouses.

*Carter*, 654 So. 2d at 512 (citations omitted). Neither a public censure as imposed by the Tennessee Board nor a private reprimand as requested by Abioto satisfies the need to deter similar misconduct.

### 3. The Preservation of the Dignity and Reputation of the Profession

¶12. While Abioto was only admitted to practice in the United States District Court for the Western District of Tennessee, she holds a license to practice law throughout the state of Mississippi. "[T]he imposition of sanctions in this case is absolutely necessary to bolster 'the

confidence of the general public in the ability of [the Bar] to govern itself.'" *Carter*, 654 So. 2d at 512 (quoting *Pitts v. Miss. State Bar Ass'n*, 462 So. 2d 340, 343 (Miss. 1985)). Moreover, a public censure by the circuit court in one of the southernmost counties of this state would not accomplish the goal of preserving the dignity and reputation of our legal profession, nor would it inform Abioto's remaining clients or her potential clients that Abioto's conduct did not go unpunished.

    4.  *Protection of the Public*

¶13. Similar to criterion three, this State has a much greater interest in protecting its citizens against a wayward Mississippi attorney than does Tennessee, where that same attorney is not a member of the Tennessee Bar. Neither a public censure, imposed by Tennessee, nor a public reprimand, which Abioto previously received,[1] would fulfill this Court's responsibility of protecting the public. In *Carter*, this Court found that Carter demonstrated "a complete lack of concern for the potential injuries they (his clients) might suffer due to his failure to act on their behalf." 654 So. 2d at 512 (internal quotation marks omitted) (quoting *Stegall v. Miss. Bar*, 618 So. 2d 1291, 1294 (Miss. 1993)). The same is true for Abioto—her actions evince a lack of concern for her clients' well-being. A public or private reprimand is inadequate to address the multiple violations that Abioto admitted.

    5.  *The Sanctions Imposed in Similar Cases*

---

[1] Abioto was publically reprimanded in 2007. *See Miss. Bar v. Abioto*, 987 So. 2d 913, 914 (Miss. 2007).

6

¶14. Abioto neglected her clients and failed to properly represent their interests. This Court has both disbarred and suspended attorneys for similar conduct. In *Carter*, 654 So. 2d 505, Carter failed to act on behalf of his clients and was disbarred from the practice of law. Over time, Carter failed to probate an estate, communicate with clients, file discovery, and file proper documents with a bankruptcy court. *Id.* at 507-08. A tribunal found that Carter violated Rules of Professional Conduct 1.1, 1.2(a), 1.3, 1.4(a), 1.15(a) and (b), 1.16(a), 5.5(a), 3.2, 3.4(c), 81.(b), and 8.4(a), (b), and (c). *Id.* at 508-11. The *Carter* Court found that Carter's repeated misconduct, including promising to act on clients' behalf and doing nothing, was deceitful and warranted disbarment. *Id.* at 513.

¶15. In *Stegall*, 618 So. 2d at 1292, an attorney was disbarred after failing to perform work on behalf of his clients.

> The nature of the misconduct in this case includes neglect of the cases entrusted to Stegall, failure to reasonably inform the clients of the status of their cases, failure to return client property and to render an accounting of client funds, and misrepresentation in the explanation of the services provided in exchange for the quoted fees.

*Id.* at 1294. The *Stegall* Court found that disbarment was appropriate because Stegall failed to learn from prior complaints and reprimands. *Id.* at 1296. "Instead, he has continued to exhibit a tendency to deal with his clients in a manner which leaves them uninformed, frustrated and justifiably dissatisfied with the lack of representation and the attorney/client relationship in general." *Id.* The Court found that "Stegall deliberately violated duties that an attorney owes to every client, indicating a complete lack of concern for the potential

7

injuries they might suffer due to his failure to act on their behalf." ***Id.***

¶16.    Abioto exhibited a lack of concern for the Mississippi family that hired her, failed to zealously represent their claims, and evinced disregard for the losses caused by her failure to represent them.

¶17.    Numerous client-neglect cases have resulted in suspensions. *See **Asher v. Miss. Bar**, 661 So. 2d 722, 732 (Miss. 1995) (Asher suspended for eighteen months for actively misrepresenting his clients and for failing to file a complaint and then lying about its being filed); **Terrell v. Miss. Bar**, 635 So. 2d 1377, 1379-80 (Miss. 1994)  (Terrell suspended for one year for multiple violations); **Steighner v. Miss. State Bar**, 548 So. 2d 1294, 1299 (Miss. 1989) (Steighner suspended for 180 days for continual neglect of his client's action because he showed little remorse for his actions and did not seem to understand the seriousness of his conduct); **Parrish v. Miss. Bar**, 691 So. 2d 904, 907 (Miss. 1996) (attorney suspended for one year for negligence in representing his client resulting in the dismissal of workers'-compensation claim); **Myers v. Miss. State Bar**, 480 So. 2d 1080 (Miss. 1985) (attorney suspended for two years after he deliberately abandoned a criminal defendant at a crucial stage of trial).

¶18.    Abioto's actions evince a pattern of conduct warranting a suspension—not a reprimand, public or private. Abioto violated *eight* Rules of Professional Conduct, neglected her clients, and showed a lack of concern for those clients or any damage they might suffer. Abioto failed to offer any mitigating evidence to diminish her culpability. Abioto's conduct

includes violations of time-tested principles and accepted ethical standards and goes to the very core of her fitness to practice law. Suspension from the privilege to practice law is consistent with sanctions imposed in other cases.

### 6. *The Duty Violated*

¶19. Abioto admitted violating Rules 1.1, 1.2 , 1.3, 1.4, 3.1, 3.4(c), 7.1, and 8.4(a) and (d) of the Mississippi Rules of Professional Conduct. The Tennessee Board found Abioto guilty of all eight.

¶20. This Court has found that "the most important ethical duties are those obligations which a lawyer owes to *clients*." ***Stegall***, 618 So. 2d at 1295. Rules 1.1, 1.2, 1.3, and 1.4 all fall under the category of "Client-Lawyer Relationship" in the Mississippi Rules of Professional Conduct and are all duties specifically owed to the client. Furthermore, Rule 8.4 concerns the integrity of the legal profession. Abioto's admitted violations of these duties owed to her clients, demonstrated by her unprofessional and unethical conduct, warrant a one-year suspension from the practice of law.

### 7. *The Lawyer's Mental State*

¶21. Abioto did not offer any evidence that an impaired mental state caused these violations.

### 8. *The Actual or Potential Injury Resulting from the Misconduct*

¶22. Abioto's misconduct caused her clients to suffer delays and/or denials of their claims for damages. Her clients' claims were dismissed twice in Tennessee. Her clients were not

9

consulted or made aware that their claims had been dismissed and were subsequently filed for the third time in a Mississippi court. In an attempt to extricate herself from the case, Abioto withdrew before serving any defendants. Her clients did not receive the benefit of article 3, section 24, of the Mississippi Constitution, which guarantees a "remedy by due course of law, and right and justice shall be administered without sale, denial, or delay."

> 9. *The Existence of Aggravating and/or Mitigating Factors*

¶23. Abioto failed to offer any mitigating evidence. Moreover, this Court has held that we can consider "an attorney's history of prior violations of the Rules . . . [to] be an aggravating factor when determining disciplinary measures." ***Stewart v. Miss. Bar***, 969 So. 2d 6, 14 (Miss. 2007). Previously, Abioto was publicly reprimanded for failing to keep adequate trust-account records, misplacing client property, and being held in contempt of court for failing to return her client's property. ***Miss. Bar v. Abioto***, 987 So. 2d 913, 914 (Miss. 2007).

## CONCLUSION

¶24. The Rules of Discipline provide a wide range of disciplinary actions that may be taken in response to attorney misconduct. This Court has held that "the purpose of discipline is not to punish the guilty attorney, but to protect the public, the administration of justice, to maintain appropriate professional standards, and to deter similar conduct." ***Miss. State Bar Ass'n v. A Miss. Attorney***, 489 So. 2d 1081, 1084 (Miss. 1986) (citing ***In Re Ruffalo***, 390 U.S. 544, 88 S. Ct. 1222, 20 L. Ed. 2d 117 (1968)).

¶25. We find that Abioto's serial violations justify imposing more severe discipline than

10

the discipline imposed by the Tennessee Board or requested by her. The aggravating factors substantially outweigh, both in quantity and quality, any mitigating circumstances, none of which were offered by Abioto. A suspension from the practice of law is the appropriate discipline in this case.

¶26. Based on her admission of multiple violations, measured by the nine criteria this Court considers when determining reciprocal discipline, we find that a one-year suspension is appropriate. It is therefore ordered that Abioto shall be suspended from the practice of law for one year, and the Mississippi Bar shall recover from Abioto all costs of the proceedings incurred by the Bar's filing of the formal complaint.

¶27. **WANDA X. ABIOTO IS SUSPENDED FROM THE PRACTICE OF LAW FOR ONE YEAR. ABIOTO SHALL BE ASSESSED ALL COSTS AND EXPENSES.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**