Serial: **237218**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2021-BD-00267-SCT

*THE MISSISSIPPI BAR*

*v.*

*KEVIN C. ANGEL*

### ORDER

¶1.     This matter is before the Court, en banc, on the Mississippi Bar's formal complaint to transfer attorney Kevin C. Angel to disability inactive status.

FACTS AND PROCEDURAL HISTORY

¶2.     Angel is a member of the Mississippi Bar and was first licensed to practice law in Mississippi on April 23, 2002.  He is also licensed to practice law in Tennessee, where he resides.

¶3.     On August 18, 2020, the Supreme Court of Tennessee at Nashville filed an Order of Temporary Suspension against Angel.  On December 9, 2020, the Supreme Court of Tennessee at Nashville, based on documentation from Angel's medical provider, concluded that Angel was incapacitated from continuing the practice of law.  Upon petition by the Tennessee Board of Professional Responsibility and pursuant to Tennessee Supreme Court Rule 9, Section 27.4, the Supreme Court of Tennessee transferred Angel to disability inactive status until further order of the Tennessee Supreme Court.  Angel is allowed to petition for reinstatement to active status pursuant to Tennessee Supreme Court Rule 9, Section 27.7.

¶4.     As a result of Angel's indefinite transfer to disability inactive status in Tennessee, the Mississippi Bar filed a Formal Complaint against Angel under Rules 13(a) and 20(c) of the Rules of Discipline for the Mississippi State Bar on March 12, 2021.  The Mississippi Bar requests that this Court transfer Angel to disability inactive status in this jurisdiction until further order of this Court.  The Mississippi Bar further requests that Angel pay the costs and expenses incurred by the filing of the complaint.[1]

## DISCUSSION

¶5.     "In bar disciplinary matters, this Court has exclusive and inherent jurisdiction." ***Miss. Bar v. Dolan***, 987 So. 2d 921, 923  (Miss. 2008) (citing ***Miss. Bar v. Abioto***, 987 So. 2d 913, 914 (Miss. 2007)).  "We review matters of attorney discipline de novo." ***Id.*** (citing ***Miss. Bar v. Hodges***, 949 So. 2d 683, 685 (Miss. 2006)).

¶6.     Under Rule 13 of the Rules of Discipline for the Mississippi State Bar, when sanctions are imposed against an attorney by another jurisdiction, such sanctions are grounds for disciplinary action in this state.  Miss. R. Discipline 13(a).

¶7.     Under Rule 20(c) of the Rules of Discipline for the Mississippi State Bar,

> A final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi should be transferred to disability inactive status shall establish conclusively the disability for purposes of a disability proceeding in the State of Mississippi.  The Court shall transfer the attorney to disability inactive status unless the attorney demonstrates or the Court finds that the reason for the original transfer no longer exists.  The burden shall be upon the attorney to demonstrate that the reason for the original transfer to disability status no longer exists.

---

[1] The Mississippi Bar later filed a separate motion for reimbursement of costs and expenses and requested reimbursement for costs and expenses in the amount of $265 to be paid within thirty days of this Court's decision.  This order resolves the motion.

Miss. R. Discipline 20(c).

¶8.     Angel was personally served with a copy of the summons and complaint on April 15, 2021.  Angel has not responded to the complaint, and no response has been filed on his behalf.  Angel has not demonstrated, and this Court does not find, that the reason for the original transfer to disability inactive status no longer exists.  *Id.*  Accordingly, this Court finds that Angel's transfer to disability inactive status is an appropriate sanction under Rules 13(a) and 20(c) of the Rules of Discipline for the Mississippi State Bar.

¶9.     IT IS THEREFORE ORDERED that based on Rules 13(a) and 20(c) of the Rules of Discipline for the Mississippi State Bar, Kevin C. Angel is placed on disability inactive status and is not permitted to practice law in the State of Mississippi until reinstatement of privileges by order of this Court.

¶10.    IT IS FURTHER ORDERED that, subject to this Court's order, Angel must comply with the requirements set forth in Rule 11 of the Rules of Discipline for the Mississippi State Bar:

A.      Within ten days of receipt of this order, Angel shall notify in writing each of his Mississippi clients of his transfer to disability inactive status and of his consequent inability to practice law, and he shall advise each client to promptly substitute another attorney or attorneys in his place or to seek legal advice elsewhere.  Angel shall return all files, papers, monies, and other properties belonging to his Mississippi clients in his possession if any such clients request the same after receiving notification from him.

B.      Within thirty days of receipt of this order, Angel shall file with this Court an affidavit stating that all current Mississippi clients have been notified of his transfer to disability inactive status and that all files, papers, monies, and other property belonging to such clients have been returned as ordered herein and showing,

in the cases in which it was not possible to notify such clients or return their property, that due diligence was used to do so.

C.      Within ten days of receipt of this order, Angel shall notify every attorney and adverse party in any legal proceeding in which he is involved and all affected courts and agencies of his transfer to disability inactive status and of his consequent inability to practice law.

D.      Within thirty days of receipt of this order, Angel shall file with this Court an affidavit stating that all attorneys or adverse parties in any such proceeding in which he is involved and all affected courts and agencies have been notified of his transfer to disability inactive status and his consequent inability to practice law.

¶11.    IT IS FURTHER ORDERED that Kevin C. Angel is allowed to seek reinstatement to the practice of law in Mississippi pursuant to Rules 12 and 23 of the Rules of Discipline for the Mississippi State Bar.

¶12.    IT IS FURTHER ORDERED that Kevin C. Angel shall reimburse the Mississippi Bar $265 for costs and expenses incurred in this proceeding, which shall be paid within thirty days after the entry of the Court's order.

¶13.    IT IS FINALLY ORDERED that the Clerk of the Court shall send copies of this Court's final order to Kevin C. Angel and to the Mississippi Bar.

SO ORDERED, this the 21st day of September, 2021.

/s / T. Kenneth Griffis, Jr.
T. KENNETH GRIFFIS, JR., JUSTICE
FOR THE COURT

4