# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-BD-00626-SCT

*THE MISSISSIPPI BAR*

*v.*

*MARK T. McLEOD*

ATTORNEYS FOR COMPLAINANT:  ADAM BRADLEY KILGORE
                                  MELISSA SELMAN SCOTT
ATTORNEY FOR RESPONDENT:  MARK THOMAS McLEOD
NATURE OF THE CASE:  CIVIL - BAR MATTERS
DISPOSITION:  PUBLIC REPRIMAND AND ASSESSMENT OF COSTS - 09/28/2023
MOTION FOR REHEARING FILED:

**EN BANC.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.    The Mississippi Bar seeks reciprocal discipline against Mark T. McLeod, an attorney licensed in both Mississippi and Oregon. McLeod has admitted that he was publicly reprimanded by the Supreme Court of Oregon and has agreed that imposition of that same discipline by this Court would be appropriate, as well as payment of the Bar's expenses. We therefore order a public reprimand of McLeod and require that he pay the Bar's expenses.

## FACTUAL AND PROCEDURAL HISTORY

¶2.    On March 12, 2022, the Oregon State Professional Responsibility Board initiated disciplinary proceedings against McLeod after it discovered that McLeod had communicated with a party he knew was represented by an attorney. McLeod admitted the misconduct and entered into a stipulation for discipline with the Oregon State Bar on April 26, 2022.

¶3.     According to the stipulation, McLeod and the Oregon State Bar agreed that McLeod would be publicly reprimanded for his misconduct, which violated Rule 4.2 of the Oregon Rules of Professional Conduct. Rule 4.2 reads as follows:

> In representing a client or the lawyer's own interests, a lawyer shall not communicate or cause another to communicate on the subject of the representation with a person the lawyer knows to be represented by a lawyer on that subject unless:
>
> (a) the lawyer has the prior consent of a lawyer representing such other person;
>
> (b) the lawyer is authorized by law or by court order to do so; or
>
> (c) a written agreement requires a written notice or demand to be sent to such other person, in which case a copy of such notice or demand shall also be sent to such other person's lawyer.

Or. R. Pro. Conduct 4.2. McLeod and the Oregon Bar also agreed to the following facts:

> [McLeod] represented a client in a family law matter, which involved a dispute between the parties regarding parenting time. In an effort to resolve that issue for his client, [McLeod] sent email messages to the opposing party, when [he] knew that the opposing party was represented by an attorney on that subject . . . . [McLeod] sent three email messages to [the] represented party.

¶4.     On April 28, 2022, the Adjudicator of the Oregon Disciplinary Board ordered "that the stipulation between the parties is approved and Mark Thomas McLeod is publicly reprimanded for violation of [Rule] 4.2."

¶5.     On June 23, 2022, the Mississippi Bar filed a formal complaint against McLeod pursuant to Rule 13 of the Mississippi Rules of Discipline. It urged this Court to impose reciprocal discipline on McLeod based on his being disciplined in Oregon. The Mississippi Bar made numerous attempts to personally serve McLeod in Oregon, but ultimately it was unable to serve him. The Mississippi Bar then attempted to notify McLeod by publication in

2

February 2023. McLeod, however, failed to answer the complaint within thirty days of that notice.

¶6.     On July 7, 2023, McLeod filed an answer with this Court. In his answer, McLeod admitted that he was publicly reprimanded by the Supreme Court of Oregon. Additionally, he agreed that this Court should impose that same discipline on him and that he should be required to pay the Mississippi Bar's expenses.

## DISCUSSION

¶7.     In a reciprocal discipline case, "[t]his Court will not engage in further fact-finding when a sanction is imposed by another jurisdiction." *Miss. Bar v. Mayers*, 294 So. 3d 617, 619 (Miss. 2020) (internal quotation marks omitted) (quoting *Miss. Bar v. Burtoff*, 269 So. 3d 85, 87 (Miss. 2018)). "The sole issue before this Court is 'the extent of final discipline to be imposed on the attorney in this jurisdiction.'" *Burtoff*, 269 So. 3d at 87 (quoting *Miss. Bar v. Shah*, 749 So. 2d 1047, 1049 (Miss. 1999)).

¶8.     "In this Court's application of the reciprocity doctrine, the sanction imposed here generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify, or support variance from the foreign jurisdiction's sanction." *Id.* (citing *Miss. Bar v. Drungole*, 913 So. 2d 963, 970 (Miss. 2005)). "The Court may impose sanctions less than or greater than those imposed by another jurisdiction." *Id.* (citing *Miss. Bar v. Gardner*, 730 So. 2d 546, 547 (Miss. 1998)). This Court uses the following factors to determine reciprocal discipline:

> (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the

profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.

*Id.* (quoting *Miss. Bar v. Ogletree*, 226 So. 3d 79, 83 (Miss. 2015)).

¶9. "So long as each is taken into consideration, this Court need not address each criterion separately." *Id.* (citing *Ogletree*, 226 So. 3d at 83).[1] In his answer to this Court, McLeod admitted that he was publicly reprimanded by the Supreme Court of Oregon. Additionally, McLeod agreed that he should be publicly reprimanded by this Court and that he should be required to pay the Mississippi Bar's expenses. We find that there are no "extraordinary circumstances which compel, justify, or support variance from the foreign jurisdiction's sanction." *Id.* (citing *Drungole*, 913 So. 2d at 970.) Therefore, we order a public reprimand of McLeod and require him to pay the Mississippi Bar's expenses.

**CONCLUSION**

¶10. McLeod is a resident of Oregon. "Ordinarily, public reprimands are carried out by the senior circuit judge in the attorney's county of residence." *Burtoff*, 269 So. 3d at 88 (internal quotation marks omitted) (quoting *Miss. Bar v. Jones*, 226 So. 3d 89, 92 (Miss. 2015) (citing *Miss. Bar v. Abioto*, 987 So. 2d 913, 916 (Miss. 2007))). In *Burtoff*, the Court determined

---

[1] The stipulation for discipline entered into by McLeod and the Oregon Bar discusses several of these criteria. The stipulation notes that McLeod "violated a duty owed to the legal system by communicating with a represented party[,]" that he "had a knowing mental state[,]" and that there was "no evidence of actual harm to the opposing party[.]" Additionally, the stipulation lists aggravating circumstances and mitigating circumstances. The aggravating circumstances included that McLeod sent three emails to the represented party and that he has substantial experience in the practice of law. The mitigating circumstances included an absence of a prior disciplinary record and full and free disclosure to the disciplinary board or a cooperative attitude toward proceedings.

4

that Burtoff had provided an address in Florida, but the Mississippi Bar directory listed his address in Virginia. *Id.* The Court ordered Burtoff to "appear the first day of the next term of the Circuit Court of the First Judicial District of Hinds County after the mandate is issued to be publicly reprimanded in open court by the presiding judge." *Id.*

¶11. Likewise, this Court orders that after the mandate has been issued in this case, McLeod shall appear the first day of the next term of the Circuit Court of the First Judicial District of Hinds County to be publicly reprimanded in open court by the presiding judge. The circuit judge shall read, aloud and in the hearing of all in attendance, the following public reprimand in its entirety:

**Public Reprimand**

The Mississippi Supreme Court recently decided the case of ***The Mississippi Bar v. Mark T. McLeod***. Mark T. McLeod is an attorney licensed to practice law in the states of Mississippi and Oregon. The Oregon State Bar publicly reprimanded McLeod for violation of Rule 4.2 of the Oregon Rules of Professional Conduct. McLeod acknowledged that he violated Rule 4.2 when he sent three email messages to an opposing party whom McLeod knew was represented by counsel on the subject matter of the communication.

The Mississippi Bar subsequently initiated reciprocal discipline proceedings in the state of Mississippi.

The Mississippi Supreme Court ruled that McLeod violated the Mississippi Rules of Professional Conduct and ordered that McLeod shall appear the first day of the next term of the Circuit Court of the First Judicial District of Hinds County, which occurs on Monday, November 6, 2023, to be publicly reprimanded in open court by the presiding judge.

THEREFORE, by order of the Mississippi Supreme Court, attorney Mark T. McLeod is hereby publicly reprimanded for his violation of the Mississippi Rules of Professional Responsibility.

Attorney Mark T. McLeod improperly communicated "about the subject

5

of the representation with a party the lawyer knows to be represented by another lawyer in the matter," in violation of Rule 4.2 of the Mississippi Rules of Professional Conduct, which requires that communication may only occur with "consent of the other lawyer" or as "authorized by law[.]"

Moreover, Attorney Mark T. McLeod, as a Mississippi-licensed attorney, was required by Rule 13 of the Rules of Discipline for the Mississippi State Bar to present to Complaint Counsel a certified copy of the order imposing discipline in Oregon within fifteen days. He failed to do so in this case.

This concludes the public reprimand of Attorney Mark T. McLeod.

¶12.  **AFTER THE MANDATE HAS BEEN ISSUED IN THIS CASE, MARK T. McLEOD SHALL APPEAR THE FIRST DAY OF THE NEXT TERM OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY TO BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE. MARK T. McLEOD SHALL BE ASSESSED ALL COSTS AND EXPENSES.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**