PRATHER, Presiding Justice,
for the Court:
This case involves Alan Carter, an attorney who has previously been reprimanded, suspended, and disbarred from practice for neglecting his clients and converting their funds. In April 1995, this Court upheld Carter’s disbarment. One of the reasons for the disbarment was Carter’s continued practice of law while under an order of suspension. See Carter v. The Mississippi Bar, 654 So.2d 505 (Miss.1995) (hereinafter Carter I). In Carter I, this Court took note of other bar complaints filed against Carter, which were the result of similar actions taken by him during his suspension; the case sub judice, is one of those cases. See Carter I, 654 So.2d at 510.
On the merits of the bar complaint sub judice, the Complaint Tribunal ordered that Carter be suspended from the practice of law for one year. The Bar appealed, and argued that Carter should have been disbarred— particularly in light of the fact that the acts complained of occurred during a period in which Carter was not supposed to have been practicing law. Because Carter was subsequently disbarred in Carter I, the matter discussed above, the issue in this appeal is as follows:
WHETHER REVIEW OF A BAR MATTER IS PROPER, WHEN THE ATTORNEY IN QUESTION HAS BEEN PREVIOUSLY DISBARRED?
This is a case of first impression in Mississippi. However, the Supreme Court in our neighboring state of Louisiana has addressed the issue, and the reasoning used by that court is persuasive. See Louisiana State Bar Ass’n v. Krasnoff, 502 So.2d 1018 (La.1987). In Krasnojf, the court held that it must consider the bar complaint, even though the attorney had already been disbarred:
As this court has stated in the past, the purpose of lawyer discipline is not so much to punish the errant attorney as it is to maintain appropriate standards of professional conduct necessary to protect the public and the administration of justice. Naturally, where the complaint alleges misuse of client funds, it is the duty of the court to hear all such matters as they arise. This is necessary for the proper administration of justice and to insure public confidence in the legal profession’s ability to regulate and discipline its members. Accordingly, we find our exclusive jurisdiction in disciplinary matters allows us to hear and act upon all complaints of misconduct alleged to have occurred while an attorney was a member of the bar and regardless of whether or not the attorney has already been disbarred. This finding is consistent with the mandates and the obvious intent of the disciplinary scheme included in the Articles of Incorporation of the Bar Association. The Court’s jurisdiction over a disbarred attorney is continuing as evidenced by our decisional authority to readmit or not to readmit a disbarred attorney to the practice of law. Here, the misconduct occurred prior to the finality of the decision ordering respondent’s disbarment. Respondent was a member of the Bar at the time the misconduct occurred and clearly the Court’s jurisdiction attaches to such misconduct.
We believe it is proper for the Committee on Professional Responsibility to go forward with disciplinary proceedings regardless of the stage of development, when the misconduct occurred prior to the finality of a disbarment order. It would not be appropriate for such matters to be held in abeyance and referred to any readmission application the disbarred attorney might file. Delay in such matters would prejudice the availability of witnesses, restrict or defeat appropriate restitution, and impede fairness to the involved respondent and the complainant.... Finally, a failure by the Committee on Professional Responsibility to go forward with disciplinary proceedings regardless of the state of development, or a failure by this Court to exercise its jurisdiction and act on such matters, *983 would inevitably damage the integrity of the legal profession and lead to a loss of respect in the minds of our citizens. Judicial economy and use of the Committee’s time and resources are policy considerations which must be subordinated to the need for prompt response to complaints of professional misconduct.
Krasnojf, 502 So.2d at 1020-21.
Based on the foregoing analysis, this Court holds that consideration of this bar matter is proper. The next question to be addressed is the sanction to be imposed on Carter — who is no longer a member of the Bar. In the Krasnojf case cited above, the court determined that the attorney’s misconduct would have merited disbarment. Id. at 1022-23. The discipline meted out in that case, therefore, was to require the attorney to wait the mandatory period of years from the second judgment of disbarment, before applying for reinstatement. Id. at 1023.
In considering bar matters, this Court examines the evidence de novo, and renders such orders as it deems appropriate. Terrell v. Mississippi Bar, 662 So.2d 586, 589 (Miss.1995).
Sanctions are imposed under the following factors: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of dignity and reputation of the legal profession; (4) the protection of the public; and (5) sanctions imposed in similar cases. Additional guidelines, as suggested by the American Bar Association (ABA), include “(1) the duty violated; (2) the lawyer’s mental state; (3) the potential or actual injury caused by the lawyer’s misconduct; and (4) the existence of aggravating or mitigating factors.”
Carter I, 654 So.2d at 511 (citations omitted).
The facts in this ease are that, during a period when Carter was suspended from practice, he represented a client, converted that client’s funds, and then became unavailable to that client. In Carter I, this Court considered the factors enumerated above and disbarred Carter for similar misconduct. This Court again finds that such actions merit disbarment, and holds that Carter is prohibited from applying for reinstatement to the Bar for a period of three years after this judgment becomes final. See Rule of Discipline for the Mississippi State Bar 12.1; Krasnojf, 502 So.2d at 1022-23.
REVERSED AND RENDERED. ALAN CARTER IS PROHIBITED FROM APPLYING FOR READMISSION TO THE BAR FOR A PERIOD OF THREE YEARS AFTER THE JUDGMENT IN THIS CASE IS FINAL.
DAN LEE, C.J., SULLIVAN, P.J., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., SMITH and MILLS, JJ., concur.