949 So.2d 683 (2006)
THE MISSISSIPPI BAR
v.
Warner HODGES, III.
No. 2005-BD-01917-SCT.
Supreme Court of Mississippi.
July 27, 2006.
*684 Adam Kilgore, Jackson, attorney for appellant.
Warner Hodges, III, appellee, pro se.
EN BANC.
COBB, Presiding Justice, for the Court.
¶ 1. Warner Hodges, III, was charged court costs and suspended from the practice of law in the State of Tennessee for a period of one year for the violation of Rules 5.5(a) and 8.4(a)(c)(d)(g) of the Tennessee Rules of Professional Conduct. *685 Subsequently, the Mississippi Bar filed a Formal Complaint with this Court pursuant to Rule 13 of the Mississippi Rules of Discipline, which provides for reciprocal discipline.

FACTS AND PROCEDURAL HISTORY
¶ 2. Hodges tendered a Conditional Guilty Plea to the Board of Professional Responsibility of the Supreme Court of Tennessee, after a bar complaint was filed against him for consuming alcohol in violation of his monitoring agreement with the Tennessee Lawyers Assistance Program (TLAP).[1] As a result, the Supreme Court of Tennessee suspended Hodges for the period of one year[2] and assessed court costs against him. Pursuant to that action, the Mississippi Bar filed a formal complaint against Hodges recommending that he be suspended from practicing law in Mississippi in accordance with Rule 13 of the Mississippi Rules of Discipline. No specific length of time for the suspension was recommended.

ANALYSIS
¶ 3. This Court retains exclusive jurisdiction and is the ultimate judge of attorney discipline matters, pursuant to Rule 1(a) of the Rules of Discipline for the Mississippi State Bar. Miss. Bar v. Inserra, 855 So.2d 447, 450 (Miss.2003). We review matters of attorney discipline de novo, including those arising out of reciprocal discipline. Id. We also apply a proportionality requirement to Bar discipline cases. Miss. Bar v. Drungole, 913 So.2d 963, 967 (Miss.2005). This Court is free to modify the punishment as needed to best serve the interests of the Bar and the public. Parrish v. Miss. Bar, 691 So.2d 904, 907 (Miss.1996); Miss. State Bar v. Blackmon, 600 So.2d 166, 173 (Miss.1992).
¶ 4. Rule 13 of the Mississippi Rules of Discipline (MRD) provides that disciplinary sanctions in another jurisdiction shall be grounds for disciplinary action in this state. The rule further states that the sanction of the sister state shall be conclusive proof of guilt, and the sole issue to be determined in our state's disciplinary proceedings is the extent of the final discipline to be imposed on the attorney, which may be more or less severe than the discipline imposed by the sister state.
¶ 5. This is a case of first impression before this Court and arises from the imposition of disciplinary sanctions for violations of a monitoring agreement required through a lawyers' assistance program of a state bar. The standards and requirements which we apply in other reciprocal disciplinary actions shall apply.
¶ 6. In his Response to Formal Complaint filed with this Court in November, 2005, Hodges states that he has been alcohol *686 free since his relapse in the summer of 2004 and regularly attends Alcoholics Anonymous meetings. Hodges, then a resident of Germantown, Tennessee, points out that he rarely practiced in Mississippi, has no pending Mississippi cases nor any intention of taking on any in the future, and has been a resident of Georgia since July of 2005. Further, Hodges states that he has not engaged in unprofessional or unethical conduct in Mississippi. He also clearly acknowledges that his suspension in Tennessee is sufficient grounds for suspension in Mississippi, under the provisions of MRD Rule 13. Finally, Hodges asks that we take into consideration that his one year suspension in Tennessee expired on October 1, 2005, prior to the filing of the Formal Complaint by the Mississippi Bar on October 11, 2005.
¶ 7. In this Court's application of the reciprocity doctrine, the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction's sanction. Drungole, 913 So.2d at 970. We may impose sanctions less than or greater than those imposed by another jurisdiction. Miss. Bar v. Gardner, 730 So.2d 546, 547 (Miss.1998). An attorney "who is subject to reciprocal discipline may . . . offer any mitigating factors which he thinks serve to diminish his culpability and therefore diminish the necessity for, or severity of, sanctions to be imposed by this Court." Miss. Bar v. Strauss, 601 So.2d 840, 844 (Miss.1992).
¶ 8. The following nine criteria are applied when determining the appropriate sanctions for an attorney: (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors. Inserra, 855 So.2d at 450. It is logical that the same criteria should also be considered when determining reciprocal discipline, although all may not apply. There is no need for this Court to address separately each criterion, so long as each is taken into consideration.
¶ 9. Upon consideration of factors one through four, as well as six, it is evident that the actions of TLAP have addressed and dealt not only with Hodges's non-compliance with the monitoring agreement, but also with the duty violated, and his underlying misconduct (excessive drinking) and deterred it, thus preserving the dignity and reputation of the profession and protecting the public. The fact that TLAP is monitoring Hodges for five years provides additional assurance that he has stabilized, and the potential injury resulting from his misconduct is alleviated.
¶ 10. We thus need only to address the two remaining factors, beginning with the following mitigating circumstances presented by Hodges:
(1) The original infraction did not involve an act of moral turpitude like dishonesty, corruption, fraud, etc. Rather, Hodges relapsed by drinking alcohol in violation of the TLAP monitoring agreement.
(2) He is a regular attendant at Alcoholics Anonymous with a sponsor who has a lengthy sobriety, and, at the time of filing his Response with this Court, was halfway through the 12-step program.
(3) He has reentered the Tennessee Lawyers Assistance Program and is in compliance with the monitoring program, *687 including weekly review and peer groups.
(4) He has completed serving his one-year suspension in Tennessee and was assessed costs of $1,843.30.
(5) There is no evidence of any prior infractions or that any client has been significantly harmed by Hodges's violation of the monitoring agreement.
¶ 11. The last of the nine criteria is the sanction imposed in similar cases. A review of reciprocal discipline from other states, as well as from other courts within our state, reveals a wide range of infractions resulting in a wide range of sanctions.[3] All of them have been scrutinized on a case-by-case basis.
¶ 12. In Mathes v. Miss. Bar, 637 So.2d 840 (Miss.1994), which involved an attorney suspended in the bankruptcy courts, this Court said suspensions from the practice of law have been reserved for instances where some form of dishonesty has significantly harmed the client, or constituted a fraud on a court, or both. We only suspended Mathes for six months rather than the one year suspension he received in the bankruptcy court. There is no evidence before us that Hodges engaged in dishonesty or misrepresentation.
¶ 13. In Miss. Bar v. Pels, 708 So.2d 1372, 1373 (Miss.1998), this Court imposed a 30-day suspension, instead of disbarment which was the sanction imposed by the District of Columbia, because there was no evidence that Pels engaged in dishonesty or misrepresentations, and he was taking steps to better educate himself on the matter so the problem did not arise again in the future. Pels had commingled personal funds with those of a client, and allowed the balance in the account to drop below that required to satisfy third-party claims against the client's funds. Id. at 1375-77. In the present case, Hodges is also trying to rehabilitate himself by attending Alcoholics Anonymous regularly, and he has been in full compliance with the TLAP the monitoring agreement.
¶ 14. In Miss. Bar v. Walls, 797 So.2d 217, 222 (Miss.2001), this Court determined that a public reprimand was a sufficient sanction where the attorney failed to keep his client properly informed and failed to properly prepare for appeal. In the present case, there is no indication of direct harm to any clients in Mississippi, unlike the infraction in Walls.
¶ 15. Another legitimate concern in the present case warrants additional consideration. Tennessee's retroactive application of its one year suspension, to October 1, 2004, resulted in Hodges's Tennessee suspension being completed ten days prior to the filing of the formal complaint against him in Mississippi. To now enter an additional year of suspension here, in light of the nature of the violation and the surrounding facts and circumstances, seems impractical, if not illogical.
¶ 16. This Court has long held that the purpose of lawyer discipline is not so much to punish the errant attorney as it is to maintain appropriate standards of professional conduct necessary to protect the public and the administration of justice. Miss. Bar v. Carter, 678 So.2d 981, 982 (Miss.1996). That said, we can see no just reason to suspend Hodges prospectively for his professed wrongdoing which occurred in 2004. He has availed himself of the TLAP process, and there is no evidence before us that he has violated the conditions of his Tennessee suspension.
¶ 17. The unusual circumstances in the present case do not fit "squarely" within the procedures set forth in MRD *688 Rule 11, to be followed when an attorney is suspended. However, after due consideration of the facts before us, we determine that the following discipline is appropriate under the Rules of Discipline and practical in its application:
1. Hodges's license to practice law in the State of Mississippi is hereby suspended for a period of one year, retroactive to July 11, 2005, the date that the Tennessee Supreme Court entered its Order of Enforcement which suspended Hodges for one year.
2. Hodges shall continue to comply with his monitoring agreement with TLAP for the period of time remaining on the five year commitment required by the Tennessee order and shall provide this Court with confirmation of compliance on an annual basis.
3. Hodges shall, within 14 days of the date of this opinion, file an Affidavit with this Court stating either that he has not practiced law in the State of Mississippi since July 11, 2005, and thus no notices are required, or that he has given the following notices required under MRD 11(c): (1) notice to all Mississippi clients of his suspension and his consequent inability to act as an attorney from and after the effective date of his suspension; (2) notice to each client involved in pending litigation or administrative proceedings and the attorney or attorneys for each adverse party in such proceedings, of his suspension and consequent inability to act as an attorney after the effective date of his suspension; (3) advise each client promptly to substitute another attorney or attorneys in his place or to seek legal advice elsewhere; (4) notify all affected courts and agencies of his disbarment, suspension or resignation and consequent inability to act as an attorney after July 11, 2005; and (5) give such other notice as the disciplinary agency last having jurisdiction may direct in the public interest.
¶ 18. Should Hodges seek reinstatement to the practice of law in the State of Mississippi, he shall be required not only to comply with all the requirements of MRD Rule 12, but also to present proof to the Mississippi Bar that he has completed, or is continuing in compliance with, the conditions of his TLAP monitoring agreement, as required by the Tennessee Supreme Court.

CONCLUSION
¶ 19. Warner Hodges, III, is hereby suspended from the practice of law in the State of Mississippi for a period of one year, retroactive to July 11, 2005. He shall pay all costs associated with this disciplinary action and shall timely provide the notices and affidavit as set forth above.
¶ 20. WARNER HODGES, III, IS SUSPENDED FROM THE PRACTICE OF LAW IN THE STATE OF MISSISSIPPI FOR ONE YEAR FROM AND AFTER JULY 11, 2005, AND SHALL PAY ALL COSTS OF THIS APPEAL.
SMITH, C.J., WALLER, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., CONCURS IN RESULT ONLY. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
NOTES
[1] Both Tennessee and Mississippi have initiated lawyer assistance programs to provide immediate and continuing assistance to lawyers, judges, and law students who suffer from afflictions such as alcoholism, drug addiction, and mental health problems. Compliance with the monitoring agreements established under these assistance programs is a critical component to the successful completion of the program and the recovery.
[2] Apparently the TLAP process provides for immediate suspension upon violation of their monitoring agreement, because the July 11, 2005, Supreme Court of Tennessee Order of Enforcement stated that Hodges "shall be suspended from the practice of law for a period of one (1) year retroactive to October 1, 2004, the date upon which he was first suspended." The Order further provided that Hodges "shall continue in his monitoring agreement with Tennessee Lawyers Assistance Program (TLAP) upon terms and conditions recommended by TLAP, for a period of five (5) years, with any reported incidence of non-compliance constituting immediate grounds for summary suspension."
[3] A good compilation of these cases is set forth in Inserra, 855 So.2d at 451.