# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2021-BD-01141-SCT

*THE MISSISSIPPI BAR*

*v.*

*FLORDIA M. HENDERSON*

| | |
|---|---|
| ATTORNEY FOR APPELLANT: | FLORDIA M. HENDERSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | MELISSA SELMAN SCOTT |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | PUBLIC REPRIMAND AND ASSESSMENT OF COSTS - 03/17/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. Flordia M. Henderson is an attorney licensed in Mississippi and Tennessee. The Supreme Court of Tennessee ordered Henderson be publicly censured for violating the Tennessee Rules of Professional Conduct. The Mississippi Bar discovered she had been disciplined in Tennessee. So it filed a formal complaint with this Court, requesting that we impose reciprocal discipline against Henderson. Henderson responded and admitted that she failed to inform Mississippi about the Tennessee disciplinary action. And on December 15, 2021—based on her nondisclosure of the Tennessee censure—this Court suspended

Henderson from practicing law in Mississippi, pending resolution of appropriate reciprocal discipline.[1]

¶2. When addressing disciplinary matters arising in other jurisdictions, this Court has held that a certified judgment of public reprimand, like Henderson's certified Tennessee censure order, is "conclusive evidence of the guilt of the offense or unprofessional conduct on which the sanction was ordered."[2] With her foreign misconduct established, we need only determine the appropriate reciprocal discipline. Absent "extraordinary circumstances" Mississippi generally imposes sanctions mirroring those of the original jurisdiction.[3] The Mississippi Bar has neither pled nor provided this Court with any information showing that Henderson's actions leading to her censure were extraordinary.

¶3. We therefore impose a public reprimand against Henderson, mirroring Tennessee's disciplinary approach.

**FACTS AND PROCEDURAL HISTORY**

¶4. Henderson is an attorney licensed in Mississippi and Tennessee. By order dated July 15, 2021, the Tennessee Supreme Court issued a public censure of Henderson. While the

---

[1] "Upon being disciplined in another jurisdiction, an attorney admitted to practice in the State of Mississippi shall forthwith, but no later than 15 days upon the imposition of such discipline, provide Complaint Counsel a certified copy of the discipline. Failure to provide the certified copy forthwith shall, upon petition by Complaint Counsel, result in the immediate suspension of the attorney pending final resolution by the Court." Miss. R. Discipline 13(a).

[2] *Miss. Bar v. Mayers*, 294 So. 3d 617, 619-20 (Miss. 2020) (quoting *Miss. Bar v. Burtoff*, 269 So. 3d 85, 87 (Miss. 2018)).

[3] *Id.* at 617, 620 (quoting *Miss. Bar v. Hodges*, 949 So. 2d 683, 686 (Miss. 2006)).

2

public censure order listed multiple violations of the Rules of Professional Conduct, it contains just one paragraph generally describing Henderson's wrongful conduct. This is the only evidence the Mississippi Bar submitted in support of its formal complaint against Henderson. The censure order briefly described Henderson's conduct, as follows:

> Ms. Henderson agreed to represent a client in a small estate matter. Ms. Henderson's client made statements while testifying in open court about the decedent's marital status that were untrue. Ms. Henderson failed to take proper remedial action prior to the conclusion of the proceeding and did not subsequently address the issue directly with her client. Ms. Henderson instead filed a subsequent petition on behalf of the decedent's estate alleging that the client had made knowingly false statements in her testimony.

¶5. The censure order states that Henderson's actions violated the Tennessee Rules of Professional Conduct, specifically Rules 1.4 (communication), 1.6 (confidentiality of information), 1.8 (conflict of interest), 1.9 (duties to former clients), and 3.3 (candor toward the tribunal).

¶6. Henderson did not report this censure to the Mississippi Bar. The Mississippi Bar discovered the Tennessee disciplinary action. And on October 6, 2021, it filed a formal complaint with this Court, requesting Henderson be disciplined. The Bar made no recommendation as to the extent of discipline. But it did ask that Henderson be ordered to pay the Bar's costs and expenses related to filing the complaint. Henderson responded, admitting she failed to inform the Mississippi Bar about her discipline in Tennessee.

¶7. On December 15, 2021, this Court suspended Henderson from practicing law in Mississippi, pending a final decision on the appropriate means of discipline.[4] Faced with

---

[4] Order, ***Miss. Bar v. Henderson***, No. 2021-BD-01141-SCT (Miss. Dec. 15, 2021).

only minimal information about the misconduct, we requested the Mississippi Bar provide additional information evincing Tennessee's reason for deeming censure the appropriate discipline for Henderson.[5]

¶8.     In response, the Bar asserts that its investigation revealed the Board of Professional Responsibility of the Tennessee Supreme Court made no factual findings when ordering the censure. And other supplemental documentation from the Bar provided no additional context for Tennessee's disciplinary decision. Our decision is based solely on Tennessee's censure order.

## DISCUSSION

¶9.     "A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction although engaged in practice elsewhere." Miss. R. Pro. Conduct 8.5. Henderson has been a licensed attorney in Mississippi since 1994, subjecting her to the disciplinary authority of this Court.

¶10.    Within fifteen days of being disciplined in another jurisdiction, an attorney admitted to practice in Mississippi must provide complaint counsel a certified copy of the discipline. Miss. R. Discipline 13(a). Failure to do so shall, upon petition by complaint counsel, result in the attorney's immediate suspension pending final resolution by the Court. *Id.* This Court has the authority to decide the extent of the final discipline to be imposed. *Id.*

¶11.    The certified copy of Henderson's public censure is "conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered." *Mayers*, 294

---

[5] Order, ***Miss. Bar v. Henderson***, No. 2021-BD-01141-SCT (Miss. Dec. 15, 2021).

So. 3d at 619 (citing *Burtoff*, 269 So. 3d at 87). As such, "[t]his Court will not engage in further fact-finding when a sanction is imposed by another jurisdiction." *Id.* (quoting *Burtoff*, 269 So. 3d at 87).

¶12. Henderson has already been suspended for her failure to report. So the only issue before this Court is "the extent of final discipline to be imposed on the attorney in this State." Miss. R. Discipline 13(b). This Court's chosen discipline "may be more or less severe than the discipline imposed by the other jurisdiction." *Id.* But "the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify, or support variance from the foreign jurisdiction's sanction." *Mayers*, 294 So. 3d at 620 (quoting *Hodges*, 949 So. 2d at 686).

¶13. Henderson's misconduct has been conclusively established and is of a serious nature. And the information provided to this Court, though minimal, is sufficient to support imposing discipline. After reviewing the Tennessee censure, the Bar's complaint, and supplemental information obtained from the Bar, we find there are no "extraordinary circumstances" to support a more or less severe form of discipline than a public censure. *Mayers*, 294 So. 3d at 620 (quoting *Hodges*, 949 So. 2d at 686). Considering that Henderson has already been suspended from practicing law in Mississippi since December 2021 and the lack of proof of any extraordinary circumstances, this Court mirrors Tennessee's decision and imposes a similar public censure.

**CONCLUSION**

¶14. Henderson shall be publicly reprimanded in open court by the presiding judge on the first day of the next term of the circuit court of DeSoto County after the entry of this decision, with Henderson in attendance. Henderson is assessed all costs and expenses associated with the matter. Henderson's suspension shall continue until she proves compliance with the discipline described above, at which time she will be reinstated to the practice of law in Mississippi.[6]

¶15. **FLORDIA M. HENDERSON SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE CIRCUIT COURT OF DESOTO COUNTY AFTER THE ENTRY OF THIS COURT'S DECISION, WITH HENDERSON IN ATTENDANCE. HENDERSON SHALL BE ASSESSED ALL COSTS AND EXPENSES.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

---

[6] "Reinstatement to the practice of law following any suspension shall be only upon proof of compliance with any such sanctions . . . ." Miss. R. Discipline 12(b).