# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-BD-00402-SCT

*THE MISSISSIPPI BAR*

*v.*

*BRYAN JACKSON PETTY*

ATTORNEYS FOR COMPLAINANT: ADAM BRADLEY KILGORE
                                            MELISSA SELMAN SCOTT
ATTORNEY FOR RESPONDENT: BRYAN JACKSON PETTY (PRO SE)
NATURE OF THE CASE: CIVIL - BAR MATTERS
DISPOSITION: PUBLIC REPRIMAND AND ASSESSMENT OF COSTS - 12/08/2022
MOTION FOR REHEARING FILED:

**EN BANC.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1. Bryan Jackson Petty is an attorney licensed in Mississippi and Tennessee. On January 13, 2022, the Board of Professional Responsibility of the Supreme Court of Tennessee issued a public censure against Petty. The Mississippi Bar then filed a formal complaint asking this Court to discipline Petty for his misconduct. The Bar further asks that Petty be ordered to pay the costs and expenses incurred from the filing of this complaint.

¶2. We find no reason to deviate from the sanction ordered by the Supreme Court of Tennessee. We hereby order Petty to be publicly reprimanded and to pay the Bar's expenses in bringing this proceeding.

**FACTS**

¶3.   Petty's public censure resulted from a text-message exchange with a client. The client was indigent, and Petty represented her in a dependent and neglect matter in juvenile court. The Board of Professional Responsibility of the Supreme Court of Tennessee found that Petty had sent text messages that were "sexual in nature" and that there "was a significant risk that [Petty's] personal interests materially limited his representation of his client." Petty was found to have "created a concurrent conflict of interest in his representation of [the] client in volation of [Tennessee] Rule of Professional Conduct 1.7(a)(2) (concurrent conflict of interest)." Petty was publicly censured for the violation.

## DISCUSSION

¶4.   Petty is a licensed to practice law in Mississippi and is therefore subject to the disciplinary authority of this Court. Rule 13(b) of the Rules of Discipline for the Mississippi State Bar governs reciprocal discipline and provides:

> Upon notification from any source that an attorney admitted to practice in the State of Mississippi has been disciplined in another jurisdiction, Complaint Counsel shall obtain a certified copy of the order and file it with the Court. A final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in the State of Mississippi. The sole issue to be determined in the disciplinary proceeding in the State of Mississippi shall be the extent of the final discipline to be imposed upon the attorney in this State, which may be more or less severe than the discipline imposed by the other jurisdiction.

¶5.   "Under Rule 13, the certified copy of the judgment of public reprimand is 'conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered.'" *Miss. Bar v. Burtoff*, 269 So. 3d 85, 87 (Miss. 2018) (quoting M.R.D. 13). "This Court will not engage in further fact-finding when a sanction is imposed by another

2

jurisdiction." *Id.* Therefore, "[t]he sole issue before this Court is 'the extent of final discipline to be imposed on the attorney in this jurisdiction.'" *Id.* (quoting *Miss. Bar v. Shah*, 749 So. 2d 1047, 1049 (Miss. 1999)).

¶6. "In this Court's application of the reciprocity doctrine, the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction's sanction." *Miss. Bar v. Hodges*, 949 So. 2d 683, 686 (Miss. 2006). "We may impose sanctions less than or greater than those imposed by another jurisdiction." *Id.* This Court considers the following nine criteria:

> (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.

*Id.*

¶7. Petty filed an answer to the bar complaint against him in the Mississippi discipline case, but he has made no effort to show that a lesser sanction would be appropriate. The Mississippi Bar has likewise not attempted to show that a more severe sanction should be ordered.

**CONCLUSION**

¶8. We cannot find any "extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction's sanction." *Id.* We find that a public reprimand is the appropriate punishment in Mississippi. The reprimand shall be read in open court on the first

3

day of the next term of the Circuit Court of Alcorn County, with Petty present, and shall include the reading of this Court's opinion in full. Petty is further assessed the Bar's costs and expenses in bringing this action.

¶9. **BRYAN JACKSON PETTY SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE CIRCUIT COURT OF ALCORN COUNTY AFTER THE ISSUANCE OF THE COURT'S MANDATE, WITH PETTY IN ATTENDANCE. PETTY SHALL BE ASSESSED ALL COSTS AND EXPENSES.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND GRIFFIS, JJ., CONCUR.**