# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-BD-00057-SCT

*THE MISSISSIPPI BAR*

*v.*

*ERIC JOHN HESSLER*

| | |
|---|---|
| ATTORNEYS FOR COMPLAINANT: | ADAM BRADLEY KILGORE |
| | MELISSA SELMAN SCOTT |
| ATTORNEY FOR RESPONDENT: | GRAHAM PATRICK CARNER |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | SUSPENDED FROM PRACTICE OF LAW FOR ONE YEAR AND ONE DAY - 10/05/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The Mississippi Bar has filed a formal complaint against Eric John Hesser requesting reciprocal discipline following Hessler's deferred one-year-and-one day suspension from practicing law in the state of Louisiana. Hessler pled guilty to reckless operation of a vehicle following his arrest for operating a vehicle while intoxicated (first offense). Consistent with the substantially similar case of ***Mississippi Bar v. Mount***, 298 So. 3d 409 (Miss. 2019), we impose the reciprocal discipline of a deferred one-year-and-one-day suspension, retroactive to the date of the Louisiana deferred suspension, June 22, 2022.

## FACTS

¶2.     Eric John Hessler is an attorney licensed to practice law in Louisiana and Mississippi.

In 2022, Hessler was arrested and charged in Louisiana with operating a vehicle while intoxicated (first offense). He pled guilty to the amended charge of reckless operation of a vehicle.[1] On June 22, 2022, following a joint petition for consent discipline filed by Hessler and the Office of Disciplinary Counsel, the Louisiana Supreme Court suspended Hessler from the practice of law for a period of one year and one day, with the suspension deferred in its entirety. Also, he was ordered to participate in a two-year diagnostic monitoring agreement with the Judges and Lawyers Assistance Program (JLAP), and he was placed on probation for the duration of the monitoring period.

¶3.     The Mississippi Bar has filed a Rule 13 Formal Complaint before this Court, presenting a certified copy of the Louisiana order imposing discipline as evidence to support reciprocal discipline under Rule 13(b) of the Rules of Discipline for the Mississippi State Bar. The Bar does not suggest what the reciprocal discipline should be, but it requests that "this Honorable Court appropriately discipline Eric John Hessler[.]" The complaint brings to the Court's attention Hessler's failure to present Mississippi Complaint Counsel a certified copy of the Louisiana order within fifteen days as required by Rule 13(a) of the Rules of Discipline for the Mississippi State Bar. The complaint asserts that, pursuant to the rule, Hessler "should be immediately suspended pending resolution of this matter" for his failure to report.

¶4.     Hessler answered the complaint, admitting that he was disciplined in Louisiana and recognizing that reciprocal discipline is proper under ***Mississippi Bar v. Mount***, 298 So. 3d

---

[1] The State did not prosecute the additional charges of open container in a motor vehicle and careless operation of a motor vehicle.

409 (Miss. 2019).[2] Concurrent with filing his Answer, Hessler filed a Motion to Suspend Rules and Not Impose Immediate Suspension Under Rule 13(a) or, in the Alternative, To Expedite Adjudication. In the motion and accompanying affidavit, Hessler represents that he fully expected the Mississippi Bar to be notified of the Louisiana proceedings and that reciprocal discipline would be imposed, but that he was unaware that he had an obligation to report the discipline within fifteen days pursuant to Rule 13(a) of the Mississippi Rules of Discipline. He additionally represents that he was fully cooperative with his Louisiana discipline case and is in compliance with his JLAP monitoring program. He notes that because his case is essentially identical to the *Mount* case, this Court can expeditiously impose the retroactive reciprocal discipline of a deferred suspension without the necessity of his being suspended pending adjudication. The Mississippi Bar has not filed a response opposing Hessler's Motion to Suspend Rules and Not Impose Immediate Suspension Under Rule 13(a) or, in the Alternative, To Expedite Adjudication.

## DISCUSSION

### I. Reciprocal Discipline for Hessler's Reckless Operation of a Vehicle Conviction.

¶5. This Court reviews bar disciplinary matters *de novo* and "has exclusive and inherent jurisdiction in matters pertaining to attorney discipline." ***Miss. Bar v. Drungole***, 913 So. 2d

---

[2] While acknowledging that "in a reciprocal discipline context . . . deference is given to the jurisdiction that made a finding of misconduct[,]" Hessler points out that in Mississippi a first offense driving under the influence charge is not, without aggravating factors, considered misconduct under Mississippi Rule of Professional Conduct 8.4(b). The offense is considered misconduct in Louisiana. *See **In re Baer***, 21 So. 3d 941 (La. 2009); ***In re Deshotels***, 719 So. 2d 402 (La. 1998).

3

963, 966 (Miss. 2005) (citing M.R.D. 1(a)). Rule 13(b) of the Rules of Discipline for the Mississippi State Bar provides that a "final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in the State of Mississippi." "Therefore, 'the sole issue before this Court is the discipline to be imposed.'" M.R.D. 13(b); *Mount*, 298 So. 3d at 411 (quoting *Miss. Bar v. Clegg*, 255 So. 3d 150, 152 (Miss. 2017)). This Court considers the following nine criteria when determining appropriate reciprocal discipline:

> (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of the dignity and reputation of the profession; (4) the protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.

*Miss. Bar v. Hodges*, 949 So. 2d 683, 686 (Miss. 2006).

¶6.     The Court "may impose sanctions less than or greater than those imposed by another jurisdiction." *Id.* (citing *Miss. Bar v. Gardner*, 730 So. 2d 546, 547 (Miss. 1998)). However, "[i]n this Court's application of the reciprocity doctrine, the sanction imposed in this State generally mirrors the sanction imposed in the sister state, absent extraordinary circumstances which compel, justify or support variance from the foreign jurisdiction's sanction." *Miss. Bar v. Ishee*, 987 So. 2d 909, 911 (Miss. 2007) (citing *Drungole*, 913 So. 2d at 970).

¶7.     Hessler's case is substantially similar to *Mount*. In *Mount*, the Mississippi Bar petitioned for reciprocal discipline after the Louisiana Supreme Court had suspended an attorney for one year and one day, with the suspension completely deferred. 298 So. 3d at

4

414. Mount pled guilty in Louisiana to a first offense DWI. *Id.* at 410. Mount argued that Mississippi's reciprocal discipline should be less than that imposed in Louisiana and presented mitigating factors for consideration. *Id.* at 413. The Court determined that no "extraordinary circumstances" were present to warrant variance and imposed the reciprocal sanction of a deferred suspension made retroactive to the start of the Louisiana suspension. *Id.* at 412. Mitigating factors making retroactive application appropriate included that the "misconduct was an isolated event that caused no actual harm to any client or third party[,]" the attorney "continued compliance with the JLAP diagnostic monitoring agreement[,]" and the "misconduct was rather attenuated from the practice of law." *Mount*, 298 So. 3d at 413-14 (see also *Miss. Bar v. Thompson*, 5 So. 3d 330, 339-40 (Miss. 2008)).

¶8.    Here, Hessler's circumstances are similar. No extraordinary circumstances warrant a departure from the discipline imposed by Louisiana, and similar mitigating circumstances warrant retroactive discipline, including that Hessler fully cooperated with the Louisana disciplinary proceedings, that the incident was isolated in nature, and that the misconduct was attenuated from the practice law. Hessler must satisfy the reinstatement petition requirement of Rule 12(a) of the Rules of Discipline for the Mississippi State Bar to lift the deferred suspension upon completion of the Louisiana JLAP diagnostic-monitoring program. *See Mount*, 298 So. 3d at 413. Additionally, Mississippi requires Hessler to take the Multi-State Professional Responsibility Exam (MPRE). M.R.D. Procedure 12.5.

## II.    Suspension Pending Adjudication for Failure to Report under Mississippi Rule of Discipline 13(a)

¶9.    Rule 13(a) provides in full:

> **(a)** Upon being disciplined in another jurisdiction, an attorney admitted to practice in the State of Mississippi shall forthwith, but no later than 15 days upon the imposition of such discipline, provide Complaint Counsel a certified copy of the discipline. Failure to provide the certified copy forthwith shall, upon petition by Complaint Counsel, result in the immediate suspension of the attorney pending final resolution by the Court. The three (3) year limitations period provided in Rule 4(d) of these Rules shall not begin to run until the Bar has been given written notice of the discipline imposed by a Bar or court of another jurisdiction.

M.R.D. 13(a). Hessler did not comply with this requirement. He represents that he fully expected to be subject to reciprocal discipline in Mississippi but mistakenly believed that the Louisiana Bar was the reporting entity. Excerpts from his affidavit aver:

4.

> I was represented by counsel and fully cooperated with the Louisiana proceedings described above.

5.

> It was my understanding that my Louisiana discipline would be reported to a national database and that the Mississippi Bar would be made aware of it. I was not aware I had an obligation to report it within 15 days, or I would have done so. I was not trying to conceal from Mississippi that I had received a deferred suspension in Louisiana.

6.

> Since the Order was entered on June 22, 2022, I have successfully fulfilled all obligations of the monitoring agreement I have with JLAP in Louisiana.

. . . .

9.

> Immediate suspension of my Mississippi law license while this matter is pending would create a hardship for my Mississippi clients and for me. I respectfully request that the immediate suspension under Rule 13(a) of the Mississippi Rules of Discipline not be imposed.

Hessler further notes that his reciprocal discipline case is very straightforward given its similarity to the recent **Mount** case.

¶10. "[T]he purpose of discipline is not simply to punish the guilty attorney, but to protect the public, the administration of justice, to maintain appropriate professional standards, and to deter similar misconduct." **Miss. Bar v. Ogletree**, 226 So. 3d 79, 83 (Miss. 2015) (internal quotation marks omitted) (quoting **McIntyre v. Miss. Bar**, 38 So. 3d 617, 625 (Miss. 2010)). "The [Mississippi Supreme Court] shall be the ultimate judge of matters arising under . . . . [the Rules of Discipline]" M.R.D. 1(a). This Court has the authority to suspend the rules and to "conduct a proper and speedy disposition of any complaint." M.R.D. 2(a). Mississippi Rule of Appellate Procedure 2(a) provides that "[i]n the interest of expediting decision, or for other good cause shown, the Supreme Court or the Court of Appeals may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction." M.R.A.P. 2(c).

¶11. In a recent case, an attorney was suspended from practicing in Tennessee for two years for misconduct related to managing client affairs, including failing to act on a client's case, failing to communicate adequately with clients, failing to return a client's file, failure to refund an advance payment, and practicing law while suspended. **Miss. Bar v. Williamson**, 368 So. 3d 803, 805 (Miss. 2023). This Court temporarily suspended Williams under Rule 13(a) after she "failed to inform the Mississippi Bar of the Tennessee disciplinary orders."**Id.** at 804.

¶12.    In ***Mississippi Bar v. Henderson***, 364 So. 3d 603 (Miss. 2022), an attorney was temporarily suspended under Rule 13(a) for failure to report a public censure she received in Tennessee. Henderson had a client who made false statements about a decedent's marital status in open court, and Henderson failed to take proper remedial action prior to the conclusion of the proceeding. ***Id.*** at 605. The Tennessee censure order stated that her actions violated rules of conduct related to communication, confidentiality of information, conflict of interest, duties to former clients, and candor toward the tribunal. ***Id.*** This Court wrote that "Henderson's misconduct has been conclusively established and is of a serious nature." ***Id.*** at 606. We imposed the reciprocal discipline of a public reprimand and ordered that the temporary suspension remain in place until the reprimand had been given. ***Id.***

¶13.    In ***Mississippi Bar v. Malone***, 364 So. 3d 607, 608 (Miss. 2022), an attorney was suspended in Louisiana for two years after he accepted payment from multiple clients but failed to act on their cases or return the fees. In the reciprocal discipline case, this Court found that the Bar's motion to suspend for failure to report was moot because the attorney had been suspended already for failure to pay his bar fees. ***Id.*** n.1.

¶14.    Here, Hessler's ignorance of the requirement to report is insufficient to warrant a waiver of suspension under Rule 13(a). Taking into account additional circumstances, however, suspension pending adjudication is unwarranted in this particular case. The additional considerations include: 1) Hessler promptly communicated and fully transparent with this Court upon discovery of his violation of the rule; 2) Hessler was not and is not suspended from the practice of law in the original jurisdiction imposing discipline; 3) the

offense for which Hessler is being disciplined is unrelated to management of client affairs, financial impropriety, or dishonesty; and 4) the Mississippi Bar has not objected to Hessler's Motion to Suspend Rules and Not Impose Immediate Suspension. Given the totality of the circumstances before the Court, suspension pending adjudication is not necessary to protect the public or the legal profession while the merits of the Bar's motion for reciprocal discipline are adjudicated. Hessler's motion to suspend the rule is, therefore, granted.

## CONCLUSION

¶15.    Eric John Hessler is suspended from the practice of law in Mississippi for a period of one year and one day, with the suspension deferred in its entirety. The suspension shall be retroactive to June 22, 2022. Hessler must petition this Court for reinstatement under Rule 12(a), proving his compliance with the terms of his suspension in Louisiana, and he is required to prove that he has taken the MPRE successfully before he is reinstated. All costs associated with this disciplinary proceeding are assessed to Hessler.

¶16.    **ERIC JOHN HESSLER IS SUSPENDED FROM THE PRACTICE OF LAW IN MISSISSIPPI FOR A PERIOD OF ONE YEAR AND ONE DAY, WITH THE SUSPENSION DEFERRED IN ITS ENTIRETY, RETROACTIVE TO JUNE 22, 2022. THE COSTS AND EXPENSES OF THESE PROCEEDINGS ARE ASSESSED TO ERIC JOHN HESSLER.**

**RANDOLPH, C.J, KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**