# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2025-BD-00835-SCT

*THE MISSISSIPPI BAR*

*v.*

*ANDREW M. NEWCOMB*

| | |
|---|---|
| ATTORNEYS FOR COMPLAINANT: | MELISSA SELMAN SCOTT |
| | KATHRYN ADDIS LITTRELL |
| NATURE OF THE CASE: | CIVIL - BAR MATTERS |
| DISPOSITION: | SUSPENDED FROM THE PRACTICE OF LAW FOR TWO YEARS RETROACTIVE TO AUGUST 22, 2022 - 03/19/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**SULLIVAN, JUSTICE, FOR THE COURT:**

¶1.     Before the Court is the Mississippi Bar's formal complaint under Rule 14 of the Rules of Discipline for the Mississippi State Bar seeking reciprocal discipline against Andrew Newcomb. Additionally, the Bar asks the Court to order Newcomb to pay the costs and expenses incurred by filing this complaint.

## FACTS

¶2.     In October 2003, Newcomb was licensed to practice law in Mississippi. The record does not state when Newcomb became licensed to practice law in Colorado. Currently, Newcomb resides in Oxford, Mississippi, and is an inactive member of the Mississippi Bar.[1]

---

[1]The record is silent regarding the dates when (1) Newcomb moved back to Mississippi, (2) the Bar was notified of Newcomb's suspension in Colorado, and (3) Newcomb voluntarily became an inactive member of the Mississippi Bar.

¶3.     In July 2022, the Supreme Court of Colorado entered an Order Approving Stipulation

to Discipline under Rule 242.19(c) of Colorado's Rules of Professional Conduct. The facts

surrounding the Colorado disciplinary action are:

> In 2019, Newcomb joined a law firm and agreed to bring his clients from his
> solo practice to the law firm. Under Newcomb's negotiated compensation
> plan, the law firm was to help manage all of Newcomb's clients' cases and
> receive a percentage of the net fees earned in the cases. In July 2019,
> Newcomb represented to the law firm's malpractice insurance carrier that he
> was not providing professional services other than through the law firm. But
> until January 2020, Newcomb continued to represent clients through his solo
> practice, collecting fees that he did not split with the law firm as he was
> required to do under the compensation plan. During this time, Newcomb
> misrepresented to the law firm the status of the clients' cases; for instance, he
> stated that he had fired clients whom he in fact continued to represent. A file
> audit revealed that Newcomb had systematically deleted client files from the
> law firm's file share service. The law firm restored the deleted files and
> learned that Newcomb had settled two cases for clients whom Newcomb
> claimed he had fired and one case that Newcomb had falsely stated he had
> settled in 2019. All of the settlement checks had gone to Newcomb's solo
> practice and were processed outside of the law firm's trust accounts.
>
> In January 2021, the law firm fired Newcomb in a recorded videoconference
> call. During the call, Newcomb falsely claimed that the law firm had all of his
> active cases from his solo practice and that there were no funds in his solo
> practice's trust account. In fact, records from the trust account show that the
> account cleared thousands of dollars on a monthly basis, including over
> $80,000.00 that cleared in the month after the law firm fired Newcomb.

The Supreme Court of Colorado determined that Newcomb's conduct violated Rule 8.4(c)

of Colorado's Rules of Professional Conduct[2] and suspended Newcomb from the practice of

---

[2]This rule is substantially similar to Rule 8.4(c) of Mississippi's Rules of Professional Conduct. *See* M.R.P.C. 8.4(c) ("It is professional misconduct for a lawyer to: . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]").

law for two years, effective August 22, 2022.

¶4. On July 15, 2025, the Mississippi Bar filed its complaint asking this Court to suspend Newcomb for two years retroactive to August, 22, 2022, and to order him to pay costs and expenses. According to the Bar, Newcomb complied with Rule 14(a) of the Rules of Discipline for the Mississippi State Bar and provided it with a copy of the Colorado disciplinary order. The Bar maintains that Newcomb has not practiced law in Mississippi since notifying the Bar of his suspension, and he voluntarily transferred to inactive status.

¶5. On September 18. 2025, Newcomb filed a waiver of service of process. He did not answer the Bar's complaint.

## DISCUSSION

¶6. "This Court reviews bar disciplinary matters *de novo* and 'has exclusive and inherent jurisdiction in matters pertaining to attorney discipline.'" ***Miss. Bar v. Hessler***, 396 So. 3d 287, 289 (Miss. 2023) (quoting ***Miss. Bar v. Drungole***, 913 So. 2d 963, 966 (Miss. 2005)). Rule 14(b) of the Rules of Discipline for the Mississippi State Bar provides that:

> A final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in the State of Mississippi. The sole issue to be determined in the disciplinary proceeding in the State of Mississippi shall be the extent of the final discipline to be imposed upon the attorney in this State, which may be more or less severe than the discipline imposed by the other jurisdiction.

M.R.D. 14(b).

¶7. "In determining appropriate discipline, including reciprocal discipline, this Court has

3

established nine criteria to consider":

> (1) the nature of the misconduct involved; (2) the need to deter similar misconduct; (3) the preservation of dignity and reputation of the profession; (4) protection of the public; (5) the sanctions imposed in similar cases; (6) the duty violated; (7) the lawyer's mental state; (8) the actual or potential injury resulting from the misconduct; and (9) the existence of aggravating and/or mitigating factors.

*Caldwell v. Miss. Bar*, 118 So. 3d 549, 553 (Miss. 2012) (quoting *Miss. Bar v. Hodges*, 949 So. 2d 683, 686 (Miss. 2006)). We have held that "[a]s long as each criterion is taken into consideration, we need not address each separately." *Id.* (citing *Hodges*, 949 So. 2d at 686). The Bar states that the "Colorado Stipulation indicates that the Presiding Disciplinary Judge considered significant mitigating factors in imposing the two-year suspension and the Bar is not aware of any extraordinary circumstances that would compel, justify, or support this Court's variance from the Colorado sanction." We agree and impose the same sanction as the one imposed in Colorado: a two year suspension.

¶8. "This Court must decide also whether the sanction is to apply prospectively or retroactively." *Miss. Bar v. Easterly*, 362 So. 3d 1, 3 (Miss. 2020). "In reciprocal discipline cases, we often have made discipline in this state prospective, even when the period of discipline imposed by another state had expired by the time this Court imposed its discipline." *Id.* (internal quotation marks omitted) (quoting *Caldwell*, 118 So. 3d at 555). The Bar advocates that the reciprocal discipline should be applied retroactively.

¶9. In determining whether the discipline should be applied prospectively or retroactively, we look to the following factors for guidance:

4

> [W]hether the conduct is part of a continuing pattern or whether there is only a single instance of misconduct; whether there is a significantly attenuated relationship between the misconduct and the practice of law; and whether the passage of time mitigates the severity of the discipline required. The last factor—the remoteness of the misconduct—has two facets. The first is whether the passage of time itself has accomplished rehabilitation of the lawyer. The second is whether the transgressions are so remote in time that intervening developments and current circumstances dilute the public interest in proper and prompt discipline.

*Miss. Bar v. Thompson*, 5 So. 3d 330, 339-40 (Miss. 2008) (alteration in original) (quoting

*People v. Abelman*, 804 P.2d 859, 862 (Colo. 1991)).

¶10.    The misconduct did not involve any fraud or dishonesty toward a client. Nor did it involve the practice of law. Rather, the misconduct was between Newcomb and the law firm with which he had agreed to merge his solo practice. Newcomb adequately notified the Bar of his suspension in Colorado and provided it with a copy of the Colorado disciplinary order. We find that the public interest in prompt discipline has been diluted by Newcomb's voluntary transfer to inactive status and his not having practiced law in Mississippi since notifying the Bar of his Colorado suspension. Additionally, by receiving a two-year suspension in Mississippi, Rule 13 of the Rules of Discipline for the Mississippi State Bar gives additional public protection because Newcomb will have to seek reinstatement before he can practice law in this state. *See* M.R.D. 13. Thus, this Court finds that Newcomb's suspension should be applied retroactively.

## CONCLUSION

¶11.    This Court holds that Newcomb is suspended from the practice of law in Mississippi

for two years retroactive to August 22, 2022, the date of his Colorado suspension. We hold also Newcomb shall reimburse the Bar for costs and expenses incurred in connection with this case.

¶12.   **ANDREW M. NEWCOMB IS SUSPENDED FROM THE PRACTICE OF LAW FOR TWO YEARS RETROACTIVE TO AUGUST 22, 2022.  NEWCOMB SHALL REIMBURSE THE MISSISSIPPI BAR COSTS AND EXPENSES INCURRED IN THIS PROCEEDING.**

**KING AND COLEMAN, P.JJ., ISHEE, GRIFFIS AND BRANNING, JJ., CONCUR.  RANDOLPH, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.**

**RANDOLPH, CHIEF JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶13.   I agree that Newcomb should be reciprocally disciplined with a two-year suspension. I write because based on the information provided,[3] the ***Thompson***[4] factors support disciplining Newcomb prospectively instead of retroactively.

### I.     The factors in *Thompson* support prospective discipline.

---

[3]Only seven pages of pleadings exist. The Bar provided a three page Formal Complaint, a three-page exhibit showing the Order Approving Stipulation to Discipline from Colorado, and a single-page exhibit showing Newcomb's Stipulation to Discipline. The pleadings suggest more information may exist. For example, the Formal Complaint reads, "Newcomb provided the Bar with a copy of Order Approving Stipulation to Discipline as required by Rule 14(a), MRD." No correspondence between the Bar and Newcomb can be found. The Bar also referenced Newcomb's "voluntarily transferring to inactive status" without explaining how and when that was accomplished. The file fails to mention whether it has other evidence pertaining to Newcomb's dishonesty, *e.g.*, a copy of any agreements between Newcomb and his former law firm, the video recording of Newcomb denying wrongdoing when he was fired, or account records revealing the total amount of money he misappropriated to himself.

[4]***Miss. Bar v. Thompson***, 5 So. 3d 330, 339 (Miss. 2008).

¶14.    The following factors determine whether retroactive or prospective discipline is appropriate:

> Whether the conduct is part of a continuing pattern or whether there is only a single instance of misconduct; whether there is a significantly attenuated relationship between the misconduct and the practice of law; and whether the passage of time mitigates the severity of the discipline required. The last factor—the remoteness of the misconduct—has two facets. The first is whether the passage of time itself has accomplished rehabilitation of the lawyer. The second is whether the transgressions are so remote in time that intervening developments and current circumstances dilute the public interest in proper and prompt discipline.

*Caldwell v. The Miss. Bar*, 118 So. 3d 549, 555 (Miss. 2012) (quoting *Thompson*, 5 So. 3d at 339). Newcomb should be disciplined prospectively.

¶15.    The limited facts apparent from the pleadings also support disciplining Newcomb prospectively. For sixteen to seventeen months, Newcomb lied to his law firm and cheated them out of tens of thousands of dollars that he had agreed to contribute to the firm. Throughout this time, he attempted to cover his tracks by deleting client files from the firm's file-share service. His deceptions were part of a continuous pattern that did not end voluntarily; he was caught and fired in a conference that was video recorded. When he was confronted, he maintained his lie that the firm received all of the active cases from his former practice. This factor strongly favors prospective discipline.

¶16.    Second, Newcomb's misconduct directly involved the practice of law. Newcomb concealed clients he represented in *legal* matters from his *attorney* employer, and he pocketed the fees himself rather than splitting the fees with his *law firm* according to the

7

employment agreement. These lies pertained directly to his practicing law. His dishonesty certainly harmed the attorneys in that firm. As a result, this factor strongly favors prospective discipline.

¶17. Third, the remoteness factor is neutral toward either retroactive or prospective discipline. The first facet, the mere passage of time, favors prospective discipline because even though Newcomb's suspension ended on August 22, 2024, he remains suspended from the practice of law in Colorado. Off. of Att'y Regul. Couns., Attorney Information, https://www.coloradolegalregulation.com/attorney-search/attorney-information/?regnum= 37032 (last visited Mar. 17, 2026). Further, it is unclear that the mere passage of time between 2021 and 2026 would have rehabilitated Newcomb from intentionally deceptive conduct.

¶18. Overall, the factors favor prospectively punishing Newcomb for lying to his law firm and hoarding tens of thousands of dollars for himself. *See **Caldwell***, 118 So. 3d at 554-56. As a result, I dissent in part.

## II. This Court's precedent supports prospectively punishing Newcomb because the Colorado Bar's discipline has expired.

¶19. This Court has often applied reciprocal discipline retroactively even when doing so ultimately rendered no punishment; those cases usually involve substance abuse rather than outright dishonesty. ***Miss. Bar v. Hessler***, 396 So. 3d 287, 292 (Miss. 2023); ***Miss. Bar v. Easterly***, 362 So. 3d 1, 4 (Miss. 2020); ***Miss. Bar v. Mount***, 298 So. 3d 409, 410 (Miss. 2019); ***Miss. Bar v. Hodges***, 949 So. 2d 683, 688 (Miss. 2006).

¶20. In cases in which this Court retroactively disciplines an attorney for a more serious offense, the punishment is still ongoing, so the attorney does incur some punishment in Mississippi. *Miss. Bar v. Gibbons*, 297 So. 3d 218, 223 (Miss. 2019) (disciplining an attorney retroactively while he still had about three months left on his suspension); *Miss. Bar v. Williamson*, 368 So. 3d 803, 810 (Miss. 2023) (disciplining an attorney retroactively while he still had about six months left on his suspension); *Miss. Bar v. Thomas*, 291 So. 3d 306, 308 (Miss. 2019) (disciplining an attorney retroactively while he still had about one year left on his suspension). This Court has also retroactively disciplined an attorney who was under "difficult circumstances at the time of the misconduct." *Williamson*, 368 So. 3d at 804 (considering that the attorney's "father passed away unexpectedly," the attorney "went through a divorce[,] and soon thereafter her mother was diagnosed with cancer and lived with [the attorney] who was her primary caretaker").

¶21. In cases in which the first state's discipline for a more serious offense expires by the time this Court renders a decision, this Court has imposed prospective punishments. *Caldwell*, 118 So. 3d at 551 (first citing *Miss. Bar v. Ishee*, 987 So. 2d 909, 912 (Miss. 2007); then citing *Miss. Bar v. Drungole*, 913 So. 2d 963, 965, 970 (Miss. 2005); *Miss. Bar v. Daniels*, 890 So. 2d 872, 873–74 (Miss. 2004)); *Miss. Bar v. Clegg*, 255 So. 3d 150, 152 (Miss. 2017) (deciding in a unanimous opinion to punish prospectively).

¶22. Based on this Court's precedent, Newcomb should be punished prospectively. Newcomb deceived his law firm about his cases. He profited "thousands of dollars on a

monthly basis, including over $80.000.00 that cleared [his personal trust account] in the month after the law firm fired Newcomb." He continued to lie to the firm before he was fired. No evidence in this case suggests that Newcomb's dishonesty was brought on by some personal hardship. Further, his discipline expired almost a year before the Mississippi Bar filed its complaint against him. This makes the facts here more similar to *Caldwell* and *Clegg*, and the Court in those cases disciplined the attorneys prospectively. This Court has issued holdings contrary to the Bar's requests before. *Louvier v. Miss. Bar*, 365 So. 3d 193, 195 (Miss. 2022). Our case law supports punishing Newcomb prospectively.

### III. Conclusion

¶23. Newcomb lied to his fellow attorneys about whether he brought all of his clients from his practice into the law firm he had joined. He profited personally from his dishonesty. Because the *Thompson* factors and case law favor prospective discipline, I dissent in part.